No. 101.—Asa Holt and others, plaintiffs in error, *vs.* The Bank of Augusta and others, defendants in error.

[1.] Although it is a general rule in Chancery practice, that on the coming in of the answer, plainly and distinctly denying all the facts and circumstances upon which the equity of the bill is based, that the Court will dissolve an injunction; yet, in some particular cases, the Court will continue the injunction, although the defendant has fully answered the equity set up. The granting and continuing of the process must always rest in sound discretion, to be governed by the nature of the case.

Motion to dissolve injunction, in Richmond Superior Court. Decision by Judge STARNES, January Term, 1851.

In 1849, Asa Holt filed his bill in Equity against Joseph Davis, as the administrator of Thomas Davis, deceased, and the Bank of the State of Georgia, alleging that in October, 1848, he gave to Thomas Davis, then in life, a letter of credit, authorizing him to draw on said Holt, for the sum of five thousand dollars, upon the promise of said Davis to invest the proceeds of the same in cotton, and ship the cotton to said Holt, (who is a commission merchant in Savannah,) who was to have the control of the cotton, and dispose of the same to meet the said draft; that Thomas Davis negotiated this draft at the Branch Bank of the State of Georgia at Augusta, for $5000, which sum was placed to the credit of said Davis; that very shortly thereafter, on 14th October, 1848, Thomas Davis died suddenly, leaving $3,240 39, of the net proceeds of the draft to his credit

in said bank—the same never having been drawn out; that Davis, by his sudden death, was prevented from purchasing and forwarding the cotton as promised; that the draft had been protested for non-payment, and returned to the Branch Bank at Augusta, and that the estate of Davis was insolvent. The prayer was for an injunction restraining the bank from paying out the sum aforesaid, and a decree that the same be applied to the payment of the said draft, as far as the same will go.

Joseph Davis, the administrator, by his answer admitted, that the facts charged were true, as he believed, and did not contest them, but insisted that such judgment and decree as should be made in the premises, should be conformable to law, and as far as practicable, promote the interest of other creditors.

In April, 1850, the Bank of Augusta and other creditors of Thomas Davis, filed their bill, charging that Joseph Davis, the administrator, combined and confederated with Asa Holt, to give him an undue preference; that under this agreement, the bill above specified was filed, and the answer made, admitting the facts; that the administrator and Holt had agreed to indemnify the Bank of the State, so that that corporation became an indifferent stakeholder; that the bill had been kept out of office, so that the parties could not sooner get sight of it, and that the estate of Thomas Davis was insolvent.

The prayer was for an injunction to restrain Holt from prosecuting his bill, until the rights of the other creditors could be ascertained, and that the fund on deposit in the Bank of the State should be paid over to the administrator, to be distributed according to law, and for other and general relief.

The defendants, by their answers, denied all fraudulent confederacy and combination, and all attempts at concealment.

On the coming in of the answers, a motion was made to dissolve the injunction, on the ground the equity of the bill was sworn off.

The Court, after hearing argument, refused to dissolve the injunction, and this decision is assigned as error.

JOHN SCHLEY, for plaintiffs in error.

J. G. GOULD, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The equity of the complainants' bill rests upon two grounds: First, the collusion between Holt and the administrator of Thomas Davis; second, that the creditors of Thomas Davis, deceased, cannot be parties to the bill filed by Holt against Joseph Davis, the administrator, to have the money remaining to his credit in bank, paid over to his demand, as the accommodation acceptor of Thomas Davis, which, in view of the *peculiar* character of Joseph Davis' answer, it is important for the protection of their rights as creditors, that they should be heard. The answer, it is true, denies all collusion, yet the fact stands out prominently on the face of the record, that Joseph Davis, the administrator, manifests a *strong bias* in favor of Holt, the complainant, in the original bill. It is said that the Court, on the trial of the last named bill, will be bound to protect the rights of all the creditors; but we think their rights will be much *better* protected when they have an opportunity of being heard before the Court, than they would on the trial of Holt's bill against Davis, when they could not be heard. Although it is a general rule, that on the coming in of the answer, *plainly and distinctly denying all the facts and circumstances* upon which the equity of the bill is based, the Court will dissolve the injunction; yet, in some particular cases, the Court will continue the injunction, though the defendant has fully answered the equity set up. The granting and continuing of the process must always rest in sound discretion, to be governed by the nature of the case. *Hemphill vs. Ruckersville Bank,* 3 *Kelly,* 445, and cases there cited. The discretion of the Chancellor in refusing to dissolve the injunction in this case was, in our judgment, properly exercised, for the very satisfactory reasons which he has given in his opinion accompanying the record before us.

Let the judgment of the Court below be affirmed.