Dent *vs.* Summerlin.

---

No. 2.—WILLIAM B. W. DENT, plaintiff in error, *vs.* MICHAEL C. SUMMERLIN, defendant in error.

[1.] The general rule is, that when the answer of a defendant to a bill in Chancery, denies all the facts and circumstances upon which the equity of the bill is based, the injunction will be dissolved; but in particular cases, as where *fraud* is the *gravamen* of the complainant's bill, the Court will continue the injunction, though the defendant has fully answered the equity set up.

[2.] The granting and continuing the process of injunction, must always rest in the sound discretion of the Court, to be governed by the nature and circumstances of the case; and this Court will not control that discretion, unless it is quite apparent that it has been improperly exercised.

In Equity, in Coweta Superior Court. Motion to dissolve injunction. Decided by Judge HILL, March Term, 1852.

The bill charges, that Albert Sears, in the year 1844, in Heard Superior Court, obtained judgment and execution against the complainant, Michael C. Summerlin, and the defendant, Wil-

liam B. W. Dent, as his security, for the sum of $2500 as principal. Property of Summerlin was sold under the *fi. fa.* to the amount of $929 12 cents, and credited on the same. In June, 1844, Dent as security, paid the balance due on the *fi. fa.* amounting to $1598 18 cents, and took the control of the same against Summerlin, and proceeded to have the *fi. fa.* levied upon certain lots of land, the property of Summerlin, situated and lying in the Counties of Chattooga, Cherokee and Carroll.

The bill alleges, that the complainant could not attend the sale of his lands, and confiding in the professions of friendship made by the defendant, supposed that the same would be conducted fairly, and that the defendant would use his efforts to make the land bring its full value.

The bill charges that the defendant attended the sales made by the Sheriffs of the Counties of Chattooga, Cherokee and Carroll, and for the purpose of defrauding the complainant on the day of sale, and before, made various representations to persons who desired to purchase said lands, to the effect that "he (the defendant) held a mortgage on the lands for a very large amount, and those purchasing the same, would buy a law-suit; that he had paid several thousand dollars as the security of the complainant, and that the property levied on, was all from which he could be reimbursed, &c. &c." by which representations, the bill charges, that those who desired to purchase said lands, were deterred from bidding, and that the same were bid off by Dent, as follows: The land lying in Chattooga, for $500, when it was worth $3000; that lying in Cherokee, for $20.00, when it was worth $800, and that in Carroll for $7.00, when it was worth $100.

At a subsequent time, $411 was credited upon the *fi. fas.* arising from the sale of other property of the complainant. The *fi. fa.* was then levied upon certain lots in the Town of Franklin, Heard County, as the property of the complainant.

The bill prayed for an injunction to restrain the defendant from proceeding with the *fi. fa.* and that the defendant might be decreed to account to the complainant for the value of the lands sold under the *fi. fa.*

Dent *vs.* Summerlin.

The injunction was granted, and the defendant answered.

The defendant in his answer, denies ever intending to injure or defraud the complainant, but on the contrary, in all the property he brought to sale of complainant's, he was only trying to reimburse himself for money paid out by him for the complainant.

The answer states that when the defendant had the lands of the complainant levied on, he gave him notice of the fact, and also of the day of sale, and urged complainant to meet him at that time in Chattooga, which complainant did. The defendant denies "ever publishing in Chattooga or anywhere else, that he had mortgages against said land, or that the purchaser would buy a law-suit," or that he used any means to prevent the lands from bringing their full value.

The defendant denied that the "Chattooga lands could, under any circumstances, have brought $3000 or any such sum, or would have brought more than it did bring at Sheriff's sale, or as much as it did bring, if it had not been for the anxiety of this defendant to make said land bring a respectable sum of money towards the discharge of the debt; but says that he tried to sell said land, and could not, or did not get one thousand dollars offered for it, and could and did not get a cash bid for it at any price."

The defendant "denied that the Cherokee land was worth $800, but states that he offered it for sale, and tried to sell it, and could not get exceeding $150 bid for it."

The answer having been filed, the defendant moved to dissolve the injunction, upon the ground that "the equity of the bill was sworn off."

The Court refused the motion, and counsel for defendant excepted.

D. H. HAMMOND and R. W. SIMS, for plaintiff in error.

W. DOUGHERTY, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

Dent *vs.* Summerlin.

[1.] The error assigned to the judgment of the Court below in this case is, the refusal to dissolve the injunction on the coming in of the defendant's answer, denying as the plaintiff in error insists, all the facts and circumstances upon which the equity in the complainant's bill is based. The general rule is, that when the defendant by his answer denies all the facts and circumstances upon which the complainant's equity is predicated, the injunction will be dissolved; but that general rule is not without its exceptions, especially when *fraud* is charged, as in this case. The question is not now, whether this Court would have dissolved this injunction at the hearing of the motion, but the question now is, whether this Court shall *control the discretion of the Court below, in refusing to dissolve it.*

[2.] The granting and continuing the process of injunction must always rest in the *sound discretion of the Court,* to be governed by the nature and circumstances of the case. *Roberts vs. Anderson,* 2 *John. Ch .Rep.* 202. *Holt et al. vs. The Bank of Augusta,* 9 *Ga. Rep.* 552. *James vs. Lemby,* 2 *N. Carolina Eq. Rep.* 278. This Court would more readily interfere with the discretion of the Court below, in granting an order *to dissolve* an injunction, than when it *refuses* to do so. In the one case, the rights of the complainant are cut off, without having an opportunity to controvert the defendant's answer by evidence before the Jury. In the other, the cause is only held up, to be submitted to a Special Jury, and tried on *its merits.*

The *gravamen* of the complainant's bill is *fraud,* in the sale of certain tracts of land under execution, by the defendant, whereby, he alleges he has been greatly injured. The question of *fraud,* or *no fraud,* in the sale of these lands, is a question of *fact* which may very properly be submitted to the consideration of the Jury; and if the complainant shall be enabled to controvert the defendant's answer, by the requisite evidence, he will be entitled to a decree. If he shall not be enabled to do so, then the defendant will be entitled to a decree in his favor. In a case of this character, we shall not control the *discretion* of the Court, in refusing to dissolve the injunction. Let the judgment of the Court below be affirmed.