## SHRICKER v. FIELD, *et al.*

1. DISSOLUTION OF INJUNCTION: NOMINAL PARTIES. An injunction may be dissolved on bill and answer, before the answers of respondents, who are nominal parties merely, are filed.
2. SAME: ANSWER. An injunction may be dissolved on bill and answer, when the answer denies every material allegation, and the equity of the bill; though such answer may contain new matter in addition to that in denial. The continuance or dissolution of an injunction upon bill and answer, rests in the sound discretion of the court.
3. SAME. Where an answer confesses the allegations of the bill, and sets up matter in avoidance, the court may require additional evidence before dissolving an injunction; there is no rule requiring such proof when the whole equity of the bill is denied by the answer.
4. PURCHASE OF MORTGAGOR'S INTEREST. The purchaser of the interest of a mortgagor, or other incumbrancer, in real estate, takes the interest purchased subject to all the equities that bind such mortgagor or incumbrancer.
5. SAME: PURCHASER CANNOT REDEEM AFTER DECREE. Where the right of a subsequent mortgagee to redeem has been barred by a decree

Shricker v. Field, et al.

foreclosing a senior mortgage, a purchaser under such subsequent mortgage acquires no right to redeem.

6. JUDGMENT AT LAW: INJUNCTION. The collection of a judgment of a court of law will not be enjoined because injustice has been done, if it is not shown that the injured party could not avail himself of his defense in a court of law, or that he has been prevented from so doing by some fraud or accident, and by no negligence or fault on his part.

7. IRREGULAR ENTRY OF JUDGMENT. The rendering of judgment at the wrong term, is not sufficient cause for the interposition of a court of equity, by injunction to sustain the collection thereof. The defendant has a remedy by appeal.

8. MISTAKE OF LAW. A party will not be relieved in equity, when the mistake he has committed has been the result of ignorance or mistake of the law.

*Appeal from Scott District Court.*

WEDNESDAY, OCTOBER 19.

In June, 1855, Johnson and wife executed a mortgage to Mary Lytance, to secure the sum of one thousand dollars. Mary afterwards married Edwin Field, and at the October term, 1858, of the Scott District Court, they obtained a judgment for the foreclosure of this mortgage. This proceeding was against Johnson, and Francis Impey, H. Darlington and John F. Dillon, who were charged as subsequent incumbrancers, or as having some interest in the property. After this decree the same property was sold at the suit of the executors of Mary Johnson, (the late wife of the Johnson above named,) and others, against Impey, under a mortgage made subsequently to June, 1855, to one Lane, who assigned his certificate of purchase to Dillon, who assigned to Shricker, to whom the sheriff made a deed. In November, 1858, an order of sale issued upon the judgment of Field and wife, and the property therein described was bid off by said Johnson, who subsequently failed to pay the purchase money. It was again advertised, but before the day fixed for the sale, Shricker and Johnson obtained an injunction, restraining the officer from proceeding to collect the said judgment.

The petition charges that certain payments had been ma[...] upon the said thousand dollar debt prior to the time of the decree; that there was then due, no more than the sum of six or seven hundred dollars, while the decree was rendered for over seventeen hundred dollars; that after the institution of said suit, the attorney of said defendants called upon the attorney of plaintiff and notified him of said payments; that he seemed to be well aware of it, and gave defendants' attorney to understand that judgment should be taken only for the just amount after deducting credits; that Lane (defendants' attorney) relied upon this understanding; that they had no defense except said payments; that he was daily in said court; that the records were not read during the term, and that he (Lane) had no knowledge that judgment had been rendered, until the property was advertised for sale; that he supposed, under the law, judgment would not be entered at the first term after the commencement of the action; that after the property was advertised, Lane applied to Grant, (plaintiffs' attorney, the said plaintiffs being residents of Minnesota,) and called his attention to these facts; that Grant stated that if there was any error, it should be corrected when the sale took place; that after the sale to Johnson, Grant demanded the entire amount of the bid, (the bid being for the judgment, interests and costs;) and would make no deduction for the amounts paid on the note; that Johnson refused to pay the whole sum, but was willing and offered to pay the amount, with costs actually due. The prayer is that an account may be taken of the amount owing upon said mortgage; that until that time the sheriff be enjoined from proceeding with any second sale.

The defendants, Field and wife, Grant and Leonard, answer the bill, the said answer being sworn to by Grant. With the answer there was a motion to dissolve the injunction. Complainants sustain their bill by some *ex parte* affidavits, and defendants there answer in the same manner. The answer denies the payment, and substantially all of the equi-

table circumstances stated in the bill. The motion to dissolve was sustained, and complainants appeal.

*True, Lane,* and *Corbin & Dow,* for the appellants.

I. It is error to dissolve an injunction before all the defendants have answered. 1 Wat. Ed. Inj. 116 and notes and cases cited ; *Depuyster* v. *Graves,* 2 John. Ch. 148.

II. The answer set up new matter in defense, and the court should not have dissolved the injunction until petitioners had offered proof, or until the hearing. Adams Eq. (3d ed.) 777, with notes and the cases cited.

III. That the attorney believed, that under the statute no judgment could be rendered at the first term, is sufficient to authorize the court to grant relief. 1 Ed. Inj. 21, 26 and 27, with the numerous cases there cited.

IV. Some of the defendants ascertained, for the first time after judgment, that a portion of the claim had been paid. They are entitled to relief. 2 Story's Eq. Jur. sections 875 and 887; *Kniefing* v. *Hendrick,* 2 Grat. 212; *Lansing* v. *Eddy,* 1 John. Ch. 49; *Lee* v. *Baird,* Hen. & Mun. 453; *Powers* v. *Butler,* 3 Greene's Ch. 467, in which many other authorities are cited; *Weirick* v. *De Zoya,* 2 Gill 388; *Humphrey* v. *Legget,* 9 Howard 297 ; Wat. Ed. Inj. (3d ed.) 19–21, and notes, and the cases there referred to.

*James Grant,* for the appellee.

I. A court of equity will not grant an injunction against a judgment at law, when the defendant knew, and neglected to make his defense. Adams Eq. 198 (marginal); *Foster* v. *Wood,* 6 John. Ch. 90; 1 Ib. 51; 3 Ib. 351; 2 Story's Eq. section 887; 17 Howard 443; 5 Ib. 192 ; 24 Ver. 354; 15 Georgia 103–550 ; 14 Ark. 32, 362; 10 Grat. 49; *Frentris* v. *Robbins,* 1 N. C. T. R. 177 ; *Peace* v. *Ninling,* 1 Dev. Eq. R. 289; *Bissell* v. *Bosman,* 2 Ib. 154.

II. The appeal is from an interlocutory order, dissolving

an injunction, which does not go to the merits of the case. *Iowa College* v. *The city of Davenport*, 7 Iowa 213.

WRIGHT, C. J.—One Darlington is made a party to complainant's bill. He was also a party defendant to the petition of Field and wife, to foreclose their mortgage upon the ground that he held a subsequent incumbrance. In this case no relief was prayed against him, nor is it charged that he is doing, or is about to do any act to the injury of complainants. Indeed, no reason is shown for making him a party so far as relates to the injunction part of the case. It is objected however, by complainants that the court erred in dissolving the injunction, until all the defendants answered, and this is the first question to be determined.

All of the defendants, against whom any relief was asked, or who were charged with doing any act, or with any intent to do anything to the prejudice of complainant's rights, did answer. The rule contended for by appellants, has no place, where the party failing to answer is merely nominal, or occupies the position that Darlington does in this case. 1 Eden on Injunctions 117 (marginal) and the authorities cited in note 1.

A further objection is that the answer is not sworn to, that it sets up new matter, and that it was erroneous to dissolve the injunction upon such answer and without proof.

If this answer admitted the allegations of the bill, and set up matter in defence, or avoidance, it might have been erroneous to dissolve the injunction before the coming in of the proof. Not necessarily so where every material allegation is denied, and the whole equity of the bill expressly negatived. In such a case it can make no difference that the answer also contains new matter in addition to that in denial. It is true, that even where all the equity of the bill is denied by the answer, it does not follow as a matter of course that the injunction will be dissolved, for the continuance, or dissolution of the injunction rests very much in the sound discretion of the court, to be governed by the nature of the case.

*Roberts* v. *Anderson,* 2 John. Ch. 204. But while proof might be required where the answer confessed the bill and set up new matter, there is no rule requiring such proof where the complainant's equity is denied. *Livingston* v. *Livingston,* 4 Paige 111. The answer is sworn to by Grant, the attorney for the parties in interest, (Field and wife,) and he states that he *believes* that all of the allegations are true, and so far as they are stated upon his own knowledge he *knows* them to be true. Without stopping to inquire whether it was proper to dissolve the injunction upon an answer thus verified; or whether the complainants, having waived a sworn answer, can object that the one made, (treating it as not sworn to) is not to have the same force and effect, as if duly supported under oath; we come at once to the main question, and that is, whether upon the case made by their bill, complainants are entitled to relief. And we are clear, that they are not.

Shricker's equity is no greater than that of Johnson. At the time of the foreclosure of the mortgage, he had no interest in the property. Since that time he voluntarily acquired the title under which he now holds. He therefore bought with the full knowledge of the amount of the judgment, and of the claim made by Field and wife, to the land, not only so, but he holds under Dillon and Impey, who were parties to the proceeding to foreclose, and stands in their shoes. We are then to treat the case as though Johnson alone, asked relief.

In cases of this character, it is not sufficient to show that injustice has been done, but that it has been done under such circumstances as authorized the interference of a court of equity. It should appear to be against good conscience to execute the judgment, and either that the injured party could not have availed himself of the facts set up, in a court of law, or that he was prevented from doing so without fault or negligence on his part, by some fraud or accident. This is the general statement of the rule. 2 Story's Eq. Jur. section 887 ; Mitf. Eq. Pleadings 131 ; 1 Eden on Injunctions

23; *Broomley* v. *Holland,* 5 Ves. 610 ; *Rathbone* v. *Warren,* 10 John. 587.

In the case before us, there is no sufficient reason shown by the bill, why the complainant Johnson, did not avail. himself of the facts therein set up, in defence to the action in the court of law.    He knew of them before-hand, and it was his own fault, or negligence, or that of his attorney, and not by reason of any fraud or accident, that the defense was not interposed at the proper time.    It is true that it is averred that reliance was placed upon what was said by the counsel for the petitioners in that case, and yet it is only claimed that he " gave Lane to understand that when judgment should be rendered, it should be for the just amount due, deducting credits."    But what credit ; to what amount ; of what date, and whether to the extent claimed by Lane, as counsel for Johnson, or otherwise, is not stated, and no where appears. It was the misfortune of Johnson, if his counsel relied upon a conversation thus indefinite in *its* nature, and he cannot complain if as a consequence judgment was rendered for a sum greater than in good conscience was due upon the mortgage. *Champion* v. *Miller,* 1 Jones N. C. Eq. 194, and cases there cited ; *Conway* v. *Ellison,* 14 Ark. 360; 24 Vermont 354; *George* v. *Strange,* 10 Grat. 49: *Dodge* v. *Strong,* 2 John Ch. 230; *Manne Ins. Co.* v. *Hodgson,* 7 Cranch. 332; *Truly* v. *Nicholson,* 4 Howard, 141; 1 Eden on Inj. 69–74.

The allegation in the bill that complainant's counsel supposed, or believed that under the law, the court could not enter judgment at the first term after the commencement of the action, cannot aid appellants.    If to enter the judgment at that term was irregular, Johnson had his remedy by appeal.    If it was regular, then complainant only stands in the position of a party who has mistaken the law, and the maxim that " *ignorantia juris non excusat,*" is as fully recognized in equity, as at law.    Johnson did not appear to the action to foreclose the mortgage.    He was legally served, however, and had due, and sufficient notice of the pendency of the same.    If he did not examine the records, or take suffi-

cient care by himself, or counsel, at the proper time, to see that the judgment rendered was not excessive, it was his own fault and for his negligence he, if any one, must suffer. The order dissolving the injunction is affirmed.