Stevens et ux. v. Myers et al.

· STEVENS, *et ux*, v. MYERS, *et al.*

1. DISSOLVING INJUNCTION. When the answer to a bill praying an injunction denies expressly and without evasion all the matters alleged in the bill as ground for the injunction, the injunction granted thereon may be properly dissolved.

2. LIABILITY OF THE HOMESTEAD. When the Code provides that the homestead may be liable for debts created by written contract by the persons having the power to convey, it has reference primarily to the

---

1. See *Harkins* v. *Edwards & Turner*, 1 Iowa 426; *Games* v. *Robb*, 8 Ib. 193.

manner in which the debt is evidenced, rather than the time the liability arises with reference to the date of such evidence.

3. DEED OF TRUST ON THE HOMESTEAD. A sale of a homestead by a trustee, under a deed of trust, will not be enjoined on the ground that the other property of the owners subject to execution has not been exhausted, when it is not alleged in the bill praying for the injunction that the owners have such property.

### Appeal from Mahaska District Court.

### FRIDAY, OCTOBER 12.

ON the 6th of December, 1857, complainants executed to Phillip Myers a deed of trust to secure a debt owing to respondent, H. B. Myers. The trust debt not being paid, the trustee was proceeding to sell the property conveyed, when complainants procured an injunction to restrain said sale. All the respondents answer under oath, denying expressly all of the fraud, and fraudulent circumstances stated in the bill. The case standing upon the bill and their answer, respondents moved to dissolve the injunction, which motion was sustained, and from this order complainants appeal.

*Wm. Loughridge* for the appellant.

*Seevers, Williams & Seevers* for the appellee.

WRIGHT, J.—I. The injunction was granted in this case, without notice to respondents. The answers plainly and fully, and without any evasion, deny in substance all the matters relied upon in the bill, or as one of the cases expresses it, " the answers swear away and deny the equity stated in the bill." *Hutchins* v. *Hope*, 12 G. & J. 244. The whole merits of the bill, therefore, being satisfactorily and clearly denied, the injunction was properly dissolved. This is the general rule, (much, it is true, being left to the discretion of the chancellor,) and nothing appears in this case to bring it within any of the exceptions, as that irreparable mischief is to result from such dissolution or the

like.   *Sharpe* v. *King*, 3 Ired. Ch. 402; *Poor* v. *Carleton*, 3 Sumner 70; *Wooden* v. *Same*, 2 Green. Ch. 429; *Hoffman* v. *Livingston*, 1 John. Ch. 211; *Shricker* v. *Field*, 9 Iowa 366.

II.  The deed of trust was signed by the husband and wife, and duly and regularly acknowledged by each before a competent magistrate.  The note secured by said deed was also signed by them, and the debt for which it was given was created subsequent to July 1, 1851, and the purchase of the homestead.  In our opinion, this debt was created by written contract, executed by the persons having the power to convey the homestead, in such a sense, that within the meaning of section 1249, of the Code, the property conveyed might be sold according to the terms of the trust deed. The objection urged is not that the contract does not expressly stipulate that the homestead is liable for the debt, but that the debt existed or was created *before* the note was given, and that therefore it was not *created* by *this* written contract, within the purview of the statute.   This argument, as it seems to us, however, loses sight of the fact that in one and a practical and actual sense, every debt is *created* before the giving of the note or other instrument which becomes the evidence of the promisor's or obligor's liability.   When the Code provides that the homestead may be sold for debts *created* by written contract executed by the persons having the power to convey, it has reference primarily to the manner in which the creation of the debt is to be evidenced, that is in writing as contradistinguished from a parol contract, rather than the *time* at which the liability arises with reference to the date of such note or obligation.

III.  It is further urged that the statute contemplates a sale under *execution* when the debt is thus *created*, and that there is nothing giving the power to sell under a deed of trust.   And we are referred to the concluding part of said section 1249, which provides that, "it (the homestead) shall not in such cases be sold, except to supply the deficiency

remaining after exhausting the other property of the debtor which is liable to execution." Based upon this cause, it is asked, how can the trustee determine, as could the sheriff having an execution, whether the debtor has, or has not, other property? To this argument it is sufficient to respond, that, as the debtor could not restrain the sale of the homestead under execution by the sheriff, upon the ground that his other property was not exhausted, without an averment or showing that he had other property; neither can the complainants, where the sale is about to be made under the trust deed. And therefore, as in this case, there is no averment or pretence that they had other property to be exhausted, to which the creditors had failed to resort. Complainants are, so far as this part of the case goes, in no position to restrain the sale.

Judgment affirmed.