TAYLOR *et ux.* v. DICKINSON *et al.*

1. JOINT TRUSTEES. The rule is that when a debtor executes a deed of trust to two or more trustees, all must join in the execution of the trust, unless a different provision is made by the terms of the deed, or one or more of them have renounced the trust, or have been discharged.

2. SAME: EXCEPTION. When a deed of trust to the trustee authorizes them " or either of them " to execute the trust, one may act without the concurrence of the other, especially where one has removed permanently beyond the jurisdiction of the State.

3. CONTINUANCE AS OF COURSE. A continuance of a motion to dissolve an injunction is not granted as of course.

4. Dissolution of injunction. When the equities alleged in a petition for an injunction are substantially, plainly and fully denied in the answer, the Court may sustain a motion to dissolve the injunction.

*Appeal from Des Moines District Court.*

SATURDAY, JANUARY 9.

COMPLAINANTS made a deed of trust, to Hager and Ives, to secure a debt to the respondent, Dickinson. Hager, one of the trustees, was proceeding to sell the property named in the deed, by due advertisement, when the debtors (complainants) applied for and obtained an injunction restraining the sale. After answers had been made by the creditor and trustee, the injunction was, on motion, dissolved, and complainants appeal.

*J. C. & B. J. Hall* for the appellant.

*Crocker & Smyth* for the appellee.

WRIGHT, Ch. J.—One ground for the injunction was that complainants had not received credit for $462 paid upon the notes secured by the trust deed. The respondent (Dickinson) says that this was not received as payment, but in consideration that he would, for a certain time, forbear to sell the property, which had long since elapsed. He then avers that to avoid litigation and remove every pretext of complainant to relief on account thereof, he had credited said amount upon said notes as of the date of said payment, as he is ready to show by exhibiting the same. Thus far, therefore, there was no occasion for the continuance of the injunction, and there was no error in dissolving the same.

II. The deed of trust conveys the property to Hager and Ives, and contains this provision : "If said notes, or any of them, be not paid according to their tenor, we hereby authorize said Levi Hager and E. H. Ives, *or either of them,*

to sell said real estate, or any part thereof, at public sale, to the highest bidder for cash, in said city, first giving ten days' notice of the time, terms and place of such sale, and of the property to be sold, in some newspaper published in said city, to execute a deed therefor to the purchaser," &c. Neither of the trustees ever accepted the trust, in terms. Ives left the State, and Hager was proceeding, in his own name, to advertise and sell the property. It is objected that the deed conveyed no such power; that a sale could only be made by the trustees jointly.

The rule is that where the debtor makes no different provision, all the trustees must join in the execution of the trust, unless, of course, one or more of them has renounced the same, or been discharged. When the author of the trust, however, as in this instance, gives the power to either of them, it is competent for one of them to proceed with its execution, and especially so where the other has removed permanently beyond the jurisdiction of the State and its courts. It was competent for the parties to make their own contract in this respect, and by it they should be bound.

III. It is insisted, in the third place, that the cause should have been continued on complainant's motion. The bill was filed July 16, 1862; Dickinson answered January 26, and Hager May 6, 1863. May 8, respondents filed their motion to dissolve the injunction, and on the same day the dissolution was ordered. The record shows that when this motion was called up, complainants "claimed a continuance," which was refused. Upon what ground it was claimed does not appear. We know of no rule entitling them to it, as a matter of course, and in the absence of some cause shown, we cannot say the Court erred in refusing the application. It was the right of respondents to file their motion to dissolve, either before or after answering, and to have the same disposed of as

soon as practicable thereafter, unless, for good cause, complainants obtained further time.

IV. What is said in the bill about the insolvency of Hager, about a change in the estate or property, the necessity of subdividing the same in the sale, the prejudice or bias of the trustee, and other matters of an equitable character, is substantially, plainly and fully denied in the answers, and the Court could, therefore, as to such matter, properly sustain the motion to dissolve. *Stevens et ux.* v. *Myers et al.*, 11 Iowa, 183 ; *Schricker* v. *Field et al.*, 9 Id., 366.

Affirmed.