STEWART ET AL. V. JOHNSTON & CO. ET AL.

1. **Injunction:** DISSOLUTION OF: FRAUD. A preliminary injunction will not, as a general rule, be dissolved upon motion when fraud is the *gravamen* of the petition, but will be continued to hearing.

2. ——: ——: ——. Where the court has in the exercise of its discretion refused to dissolve the injunction, the Supreme Court will not reverse its action if no abuse of discretion is shown.

*Appeal from Wapello Circuit Court.*

FRIDAY, OCTOBER 20.

THE plaintiffs in this action were sued by the defendants, Johnston & Co., in the Circuit Court of Wapello county. After the issues had been made the case was removed by change of venue to the Circuit Court of Davis county, and

judgment was rendered in that court in favor of the said Johnston & Co. This action is brought to enjoin the said Johnston & Co. from collecting said judgment. A writ of injunction having been issued, a motion was made by the defendants to dissolve the injunction, and upon hearing thereon the motion was overruled. From the order overruling the motion the defendants appeal.

*Stiles & Burton*, for appellants.

*H. B. Hendershott*, for appellees.

ADAMS, J.—The petition was in substance that the said Johnston & Co. obtained the said judgment by fraud; that the said Johnston & Co. and the attorneys for both plaintiffs and defendants reside at Ottumwa, in Wapello county; that after said case had been removed to Davis county, negotiations for a compromise were commenced, and while said negotiations were pending it was agreed by one Hackworth, a member of the firm of Johnston & Co., that they would not proceed to the trial of said case without first notifying these plaintiffs, who were defendants in that suit; that the said Johnston & Co., however, without notifying these plaintiffs, and with intent to defraud them, proceeded to the trial of said case and obtained judgment therein, neither of these plaintiffs nor any one representing them being present or having any knowledge that the case would be tried.

The answer fully and satisfactorily denies all the allegations of fraud contained in the petition.

It is claimed by the defendants that such being the answer the injunction should have been dissolved.

The general rule doubtless is, that where all the material allegations of a petition for an injunction are fully and satisfactorily denied in the answer, upon the personal knowledge of the defendant, the preliminary injunction, if one has been allowed, will be dissolved upon motion. But to this rule there are some exceptions, and one of them is where the *gravamen* of the petition is

1. INJUNC-
TION: disso-
lution of:
fraud.

fraud. *Sinnett v. Moles*, 38 Iowa, 25; *Dent v. Summerlin*, 12 Ga., 5.

The reason for the exception doubtless is that fraud is usually established, if at all, by an aggregation of circumstances which separately considered may seem to be of slight import-ance and which may become satisfactory only by the light which they throw upon each other. These circumstances are oftentimes shown by a cross-examination of the defendants' witnesses. As the petition and answer would not ordinarily sufficiently reveal the case to the court, however full and sat-isfactory the denials of the answer might be, it is deemed proper that the preliminary injunction should be continued to hearing. This is the general rule.

The present case is somewhat exceptional in its character. The facts upon which the allegations of fraud are based are very few and simple. Notwithstanding, therefore, that the *gravamen* of the petition is fraud, there is some doubt whether the injunction should have been continued, the allegations of fraud having been so completely denied. But it is impossible to foresee by what circumstances it may be shown that the defendants purposely allowed these plaintiffs to rely upon the agreement to give them notice while they proceeded in their absence to obtain a judgment against them.

Without holding that where fraud is the *gravamen* of the petition the injunction must necessarily be continued to the hearing, we are of the opinion, such being the general rule, and it not appearing that the court below abused its discretion, that we should not be justified in interfering.

In *Dent v. Summerlin*, above cited, the court said: "The question is not now whether this court would have dissolved the injunction at the hearing of the motion, but the question now is whether this court shall control the discretion of the court below in refusing to dissolve it." The judgment of the Circuit Court is

AFFIRMED.