FARGO & CO. ET AL V. AMES ET' AL.

1. **Injunction:** PLEADING: MATTER IN AVOIDANCE. 'Where the equity
of the petition is admitted or not denied and the answer sets up new
matter in avoidance, or contains matter which amounts to a defense, such
answer is not equivalent to a denial of plaintiffs' equities and the
injunction should be continued to final hearing.

2. ——: ——: QUESTIONS OF DOUBT. Where it is apparent from the
answer that there are still questions of doubt respecting which addi-
tional information is indispensable to a decision of the case, a dissolution
should not be granted, especially ,when the relief was asked for the
prevention of irreparable injury.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, APRIL 4.

THE petition states that the plaintiff, William Lawson, on
the 3d day of May, 1875, and the defendant, D. B. Ames,
entered into partnership in the business of manufacturing,
purchasing and selling boots and shoes; that Ames was to
contribute five hundred dollars to the capital stock, and both
partners were to devote their time and attention to the busi-
ness, the profits of which were to be divided equally and the
losses borne in the same proportion; that the business was
continued until January 7, 1876, and a large indebtedness
incurred, which is due and unpaid; that on the 15th day of
November, 1875, the said D. B. Ames executed to the defend-
ant, Marion Ames, a chattel mortgage on the partnership
property for one thousand dollars to secure the payment of
the individual debt of D. B. Ames, who is insolvent, and that
Marion Ames, at the time said mortgage was executed and
delivered, well knew the property mortgaged· belonged to the
partnership and that it constituted the entire and only assets
of the firm.

That on the 31st day of January, 1876, Marion Ames,
through the defendant, Hayzlet, her agent, took possession of
said property under and by virtue of the mortgage, and is
about to sell the same and appropriate the proceeds to the

payment of said mortgage. The other plaintiffs are creditors of the partnership, and state that both the partners are insolvent and there is no property or assets from which their debts can be realized except the mortgaged property. It is asked that an accounting be had between the members of the firm— the extent of the debts ascertained, that an injunction be granted restraining the sale of said property, and that the same be sold under the decree and direction of the court and the proceeds applied to the satisfaction of the partnership debts. An injunction was granted.

The answer admitted the partnership as stated in the petition, but denied each and every other allegation, except that the mortgage was given to secure the individual debt of the defendant, D. B. Ames, with reference to which it was stated that the mortgage was given to secure the only capital put into the business by either of the partners, and that said money constituted the basis upon which the firm procured credit and did business, and that Lawson had full knowledge said money belonged to Marion Ames; that the indebtedness of the partnership was created and credit extended thereto solely on the individual liability of D. B. Ames; that on the 7th day of January, 1876, Lawson sold the property and his entire interest in the firm to D. B. Ames, who took full and absolute possession thereof.

There was a motion to dissolve the injunction; the petition being supported by the affidavit of Lawson and the answer by the affidavit of D. B. Ames. This motion was sustained and plaintiffs appeal.

*Boies, Allen & Couch*, for appellants.

*Jas. L. Husted* and *C. W. Mullan*, for appellees.

SEEVERS, J.—The existence of the partnership is expressly averred in the petition, and admitted in the answer. The petition does not state that the firm had been dissolved, or that Lawson had sold his interest therein to D. B. Ames. All that is said on this subject is, that the firm continued to do business until about January 7th, 1876. The answer then

alleges that Lawson on that day sold his interest in the partnership, and delivered possession of the property to D. B. Ames. This averment is not responsive to the petition but constitutes new matter in avoidance of the allegations thereof. If the defendants, by motion for a more specific statement, had, under the order of the court, compelled the plaintiffs to state whether or not there had been a dissolution, sale and delivery of the goods to Ames, the legal effect of the averment in the answer would have been materially different.

We regard the established rule to be, where the equity of the petition is admitted or not denied, and the answer sets up

1. INJUNC-TION: pleading: matter in avoidance.

new matter in avoidance, or contains matter which amounts to a defense, such answer is not equivalent to a denial of the plaintiff's equities, and that the injunction should not be dissolved, but continued to the hearing. High on Injunctions, Sec. 895; *Shricker v. Field*, 9 Iowa, 366.

If the firm had never been dissolved, and the business at the time possession was taken of the property under the mortgage was being conducted by the partnership, we think the plaintiffs' right to an injunction for the protection of their interests would be clear.

It, therefore, follows that, by reason of the new matter in the answer, the injunction should not have been dissolved.

It is a matter of doubt whether the preponderance of the evidence is in favor of the defendants, as to the fact whether

2. ——: ——: questions of doubt.

there had been a dissolution and sale of the property by Lawson to D. B. Ames. The learned judge before whom the cause was heard concedes that this question of fact "was left in great doubt, and it would have been much more satisfactory had the question been more clearly established." In this view of the evidence we fully concur. Under such circumstances what is the rule? In High on Injunctions, Sec. 901, it is said, "Where it is apparent from the answer that there are still questions of doubt on which additional light is required, to satisfy the court before deciding the rights of the parties, a dissolution should not be granted, especially where the very purpose for which the relief was

originally allowed was the prevention of irreparable injury." In accord with this rule the injunction should not have been dissolved.

Without doubt the rule. is, where fraud is the gravamen of the petition, or where it is apparent that by the dissolution the plaintiff will lose all benefit which would otherwise accrue to him should he finally succeed in his cause, the court may in the exercise of a sound discretion continue the injunction to a hearing. High on Injunctions, Sec. 899; *Stewart et al., v. Johnston & Co.*, 44 Iowa, 435.

We think it quite evident that the effect of the dissolution of the injunction in the present case would be to deprive the plaintiffs of any and all benefit, even should they succeed in making out a case requiring an accounting, and the rendition of a decree for the payment of the partnership creditors from the proceeds of the mortgaged property. In fact no possible object could be subserved by continuing the suit, for long before there could be a final decree the property will have been sold and appropriated to the payment of the mortgage debt. For the reasons stated the order dissolving the injunction must be

REVERSED.