## KELLEY v. BRIGGS.

1. **Injunction:** DISSOLUTION OF: DISCRETION OF COURT.  Where there was no showing that the continuance of an injunction until the final hearing would result in any substantial injuy to the defendant, there was no abuse of discretion by the court below in overruling the motion to dissolve.

2. ———: PETITION: AFFIDAVIT.  An affidavit to the effect that the facts stated in the petition are true as affiant believes, is sufficient.

*Appeal from Hardin Circuit Court.*

SATURDAY, APRIL 22.

THE plaintiff and the defendant own adjoining stone quarries on the Iowa river.  The defendant formerly owned all the land comprising both quarries, and in 1866 sold and conveyed that now owned by the plaintiff, to one Thomas. Thomas conveyed to one Mitchell, and he to the plaintiff.  It appears that there is a bluff of stone some twenty-five feet high near the river, which is the face, or front of both quarries.  The valuable stone, suitable for quarrying lies low down in this ledge.  The line of the plaintiff's land according to the description in the deed does not run quite to the bed of the river.  He cut down the ledge and wasted the debris on the strip of land between his land and the river.  This strip or narrow space belongs to the defendant.  The plaintiff usually loaded his stone upon wagons and drove the wagons, to and from his quarry, over a wagon way made along the bank of the river and over defendant's land, and then out from the

river a short distance to a public road. The defendant stopped up this road, and thereupon the plaintiff commenced this action to enjoin the defendant from interfering with the free use of the road way, claiming that plaintiff had no other way to take stone from his quarry than by said wagon road, and alleging that he had a large force of men engaged in his quarry, and had twenty car loads of stone contracted, and to be delivered on the cars at Iowa Falls. A temporary injunction was granted, without notice, and in vacation. The defendant answered the petition by averring that at the time of his conveyance of the land to Thomas, there was a public highway along the northern boundary thereof, and that the wagon way by which plaintiff claims the right of ingress and egress was not then constructed and the plaintiff is not therefore entitled to a wagon way from necessity

It is further averred that the use of the wagon way by plaintiff materially interferes with the defendant in working his quarry, and that plaintiff wrongfully uses the bed of defendant's quarry to load his stone. The answer asks that the injunction be dissolved and that the answer be taken as a cross-bill, and that plaintiff be enjoined from trespassing on defendant's land. The reply of the plaintiff admits that there is a public highway along the north boundary of his land, but alleges that it is not accessible from his quarry, except by the wagon way in controversy; alleges that he, at his own expense, built and opened said wagon way to haul stone from defendant's quarry, while he (the plaintiff) was working defendant's quarry as a lessee, and denies that the use of the wagon way by him in any manner interferes with the defendant in working his quarry. He also avers that defendant orally agreed with said Thomas, that he should pass over defendant's land to move away stone whenever it would be convenient to do so.

The defendant moved to dissolve the injunction, and affidavits were filed in support of the motion, and counter affidavits in resistance thereof. The motion was overruled, and defendant appeals.

*S. M. Weaver*, for appellant.

*M. W. Anderson*, for appellee.

ROTHROCK, J.—It is true there is a public highway along the north boundary of plaintiff's land.   The land is bounded on the south by a line near the edge of the river,

**1. INJUNCTION : dissolution of : discretion of court.** and the face of the quarry is on or near the river. The bluff is some twenty-five feet high, and if the plaintiff be denied the right to use the wagon way in dispute, he would be required to raise the stone from the quarry to the bank above it.   It appears that if this should be required the quarry would be practically worthless.   We are required to determine whether, under the facts in this case, the court abused its discretion in overruling the motion to dissolve, and continuing the injunction to the hearing.   We are of the opinion it did not.   In so holding we do not propose to determine the question whether or not, under the facts, the plaintiff is entitled to a right of way over the defendant's land from necessity, nor the question of the plaintiff's right to the use of the wagon way because he constructed it, nor his alleged right growing out of a parol license from the defendant to Thomas.   These questions have all been elaborately argued by counsel for appellant, and a large number of authorities cited.   The question with us, is, was there an abuse of discretion in overruling the motion.   There is no showing that the continuance of the injunction to the hearing will result in any substantial injury to the defendant, and it appears that the closing up of the wagon way will meterially injure the plaintiff and embarrass him in the prosecution of his business.   Many adjudged cases can be found where it is held that the dissolution of an injunction is an abuse of discretion, but the cases are very rare where it is adjudged to be error to continue to the hearing.   As it is said in *Dent v. Summerlin*, 12 Ga., 5, quoted with approval in *Stewart v. Johnson & Co.*, 44 Iowa, 435: "The question is not now, whether this court would have dissolved the injunction at the hearing of the motion, but the question now is,

whether this court shall control the discretion of the court below in refusing to dissolve it."

Even when the equity of the bill is fully denied, it does not follow as a matter of course that the injunction will be dissolved. Its dissolution or continuance rests very much in the sound discretion of the court, to be governed by the nature of the case. *Shricker v. Field*, 9 Iowa, 366.

II. A question is made as to whether the petition is supported by affidavit as required by sec. 3388 of the Code. The petition is sworn to, and the affidavit is to the effect that the contents thereof are true, as the affiant believes. This, we think, is sufficient. The petition sets forth the facts upon which the relief is demanded, and an affidavit of their truth, it seems to us, is all that can be required, to call upon the court or judge to act in the premises.

2. ——: petition : affidavit.

AFFIRMED.