## Huskins v. McElroy.

1. **Injunction:** DISSOLUTION ON MOTION: WHEN NOT GRANTED. Where a preliminary injunction has been granted upon the allegations of the petition, it will not be dissolved upon the filing of an answer which sets up matter in avoidance of the petition, but the cause will be continued to the hearing, to the end that the evidence of both parties may be heard.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 13.

ACTION IN EQUITY. The relief asked is that an injunction issue restraining the defendant from the commission of certain alleged trespasses, and that the damages for certain trespasses committed be ascertained, and that the plaintiff recover a judgment therefor. An injunction was issued, which the defendant moved to dissolve upon the answer and certain affidavits in support thereof. Affidavits were also filed by the plaintiff in resistance of the motion, which was overruled.

*Milton Remley*, for appellant.

*Baker & Ball*, for appellee.

SEEVERS, J.—The petition states that the plaintiff was the owner of certain described real estate. That the defendant was also the owner of certain other real estate, which, or a portion of which, abutted on that owned by the plaintiff. That plaintiff's grantor in 1860 owned the land now owned by the defendant, and that the said grantor conveyed to John P. Hawkins, who in 1865 conveyed to Hines, who in 1880 conveyed to the defendant. The plaintiff's grantor had for his convenience a wagon way from his house over the premises belonging to the plaintiff, and the same was used by the plaintiff's grantor, and other persons owning the defendant's land, by sufferance of the plaintiff, but without legal right

thereto. That plaintiff plowed up the right of way and erected a gate and fence across the same, and the defendant had on more than one occassion torn the same down and entered upon said way. That each act of said defendant in passing over said premises constituted a trespass, and, to prevent a multiplicity of suits, an injunction was asked. The answer admitted the plaintiff's ownership of the premises described in the petition, but denied that the way was used by the defendant and his grantors by sufferance merely, and alleged that it was used under a claim of right for more than ten years. That at the time the plaintiff's grantor conveyed the land to Hines the right of way was used, and had been for years, as an appurtenance to the land so conveyed, and that it passed to said Hines, who continued to use the same until he conveyed it to the defendant, who has used the same since that time. The question is whether the court rightly determined the motion to dissolve the injunction, or abused the discretion invested in it in this respect.

II.  We think the facts in this case bring it within the rule established in *Mills v. Hamilton*, 49 Iowa, 105. We are, in substance, asked by counsel for appellee to overrule that case. This we are not prepared to do.

III.  In addition to the foregoing, it must be stated that the allegations of the petition in relation to the ownership of the land and the use of the way by the defendant are admitted in the answer. That such use was by sufferance only is, however, denied. But we understand that the defendant seeks to justify the use of the way under claim of right derived from the plaintiff or his grantor. In substance, the defendant, it may be conceded, sets up a right which, if established, will defeat the relief asked by the plaintiff. This being so, we think the motion was correctly overruled, for the reason stated in *Shriker v. Field*, 9 Iowa, 366; *Judd v. Hatch*, 31 Id., 491; *Fargo & Co. v. Ames et al.*, 45 Id., 494. If it can be said that defendant has shown that he is in the actual possession of the right of way under a claim of right, this is merely matter

which avoids the allegations of the petition, and, therefore, under the rule established in the cases just cited, the cause should be continued to the hearing, so that the proofs as to such facts may be taken by both parties.

AFFIRMED.