## HAYES V. BILLINGS ET AL.

1. **Injunction:** DISSOLUTION UPON ANSWER: PRACTICE. Where the answer to a petition in injunction does not (after eliminating allegations which are mere conclusions of law) deny the allegations of the petition, but sets up an affirmative defense by way of avoidance, the injunction will not be dissolved on motion, but will be continued to the hearing;—following cases cited in opinion.

*Appeal from Bremer District Court.*

WEDNESDAY, JUNE 23.

ACTION IN EQUITY. The relief asked is that the defendants be enjoined from selling certain real estate under an execution and that, at the final hearing, the judgment be set aside, on the ground that the justice of the peace by whom it was rendered had no jurisdiction. A temporary injunction was granted. The defendants answered the petition, and moved to dissolve the injunction upon the answer and affidavit filed in support of the motion; in opposition to which affidavits were filed by the plaintiff. The motion was overruled, and the plaintiff appeals.

*M. E. Billings,* for appellant.

*A. F. Brown,* for appellees.

SEEVERS, J.—The ground upon which the plaintiff asked that the sale of certain real estate be enjoined is that he was the head of a family, and that the premises constituted his homestead. Such an injunction was granted, but the collection or enforcement of the judgment was not enjoined. The answer denies the allegations of the petition setting up the invalidity of the judgment, and, in relation to the homestead, states: " and for affirmative matter of defense defendants allege that the real estate levied upon   *   *   *

was not the homestead of the plaintiff at the time the indebtedness due defendant Billings, on account, was made and incurred, nor at the date of making the note," upon which the judgment was rendered by the justice of the peace. The answer further stated that "said real estate levied upon contains about sixty acres of land, and that no part of said land is exempt from levy under said judgment." This last averment is a legal conclusion, based on the prior statement that the indebtedness was incurred before the premises became the plaintiff's homestead. The allegation in relation to the time the indebtedness was incurred, and the homestead acquired, is not a denial of any allegation contained in the petition, but is an affirmative defense, which is pleaded in avoidance of the matter alleged in the petition; and, if establised, it will, it may be conceded, defeat the relief asked by the plaintiff. In such case the rule is that the injunction should not be dissolved on motion, but be continued to the hearing. *Shricker v. Field*, 9 Iowa, 366; *Judd v. Hatch*, 31 Id., 491; *Fargo v. Ames*, 45 Id., 494; *Huskins v. McElroy*, 62 Id., 508.

The circuit court did not err in overruling the motion to dissolve the injunction.

AFFIRMED.