Rothschild & Company, Appellee, v. Steger & Sons Piano Manufacturing Company et al., Appellants.

### Gen. No. 18,785.

1.   INJUNCTION—*motion to dissolve.*   For the purpose of a motion to dissolve a preliminary injunction an answer substantially admits the essential allegations of part of the bill where it either expressly admits or neither admits nor denies them.

2.   INJUNCTION—*what matters of defense not considered on motion to dissolve.*   Upon hearing for the dissolution of a preliminary injunction the court will not consider new matters of defense which confess and purport to avoid the material allegations of the bill, where such new matter is controverted.

3.   ESTOPPEL—*when defendants cannot question right to use trade name.*   Upon motion to dissolve a preliminary injunction restraining defendants from using the name "Meister" as a trade name for pianos, defendants, in the absence of any serious or specific charge of fraud in the making of such a contract, are estopped from questioning complainants' exclusive use of the name, where they, prior thereto, entered into a written agreement not to use the name in the piano business, conceded to complainants the sole and exclu-

sive right to its use and agreed that such agreement should be considered as conclusive evidence by any court of equity of complainants' right to a preliminary injunction, and that such an injunction should be made permanent on hearing.

4. TRADE-MARK—*when refusal to consider complainants' right to use proper.* Upon motion to dissolve a preliminary injunction the court may properly refuse to consider complainants' legal right to use the term "Meister" as a trade-mark where defendants previously agreed by contract that it was a proper subject of a trade-mark and that they would not dispute it for the purposes of an injunction or the dissolution of an injunction restraining its use.

5. INJUNCTION—*right to have motion to dissolve heard on bill and answer responsive thereto.* Upon bill to enjoin the use of a trade name the complainant has a right to have a motion to dissolve a preliminary injunction heard on the bill and on the answer and affidavits directly responsive thereto.

6. INJUNCTION—*when complainant not chargeable with fraud because bill did not anticipate defense.* Complainant is not chargeable with fraud and suppression of material facts or with fraud on the court in filing its bill and obtaining a preliminary injunction restraining defendants from using the word "Meister" in the piano business, because the bill did not anticipate the contention, denied by it, that defendants entered into a contract with it for the manufacture of such pianos, some of which it refused to accept.

Appeal from the Circuit Court of Cook county; the HON. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 12, 1912.

FREDERICK MAINS, for appellants.

JUDAH, WILLIARD, WOLF & REICHMANN and ALVIN W. WISE, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This cause comes before us upon appeal by the defendants from an order of the Circuit Court of Cook County, entered July 12, 1912, overruling a motion of the defendants for the dissolution of the injunction issued by said court in this cause upon November 29, 1911, whereby the defendants were enjoined from selling, advertising or offering for sale pianos bearing

the name "Meister" or pianos represented by them to be "Meister" pianos.

The bill of complaint sets forth facts showing, first, that by reason of appropriation, adoption and use for many years prior to the filing of the bill of complaint, the complainant had acquired, under the principles of the common law, the exclusive right to use the trade-mark and trade name "Meister" in the sale of pianos; that, afterwards, on the 25th day of December, 1906, the complainant caused said trade-mark to be registered and recorded in the United States patent office.

The bill then shows in the second place, that on the 8th day of April, 1907, upon a bill filed by the complainant in the Circuit Court the complainant secured an injunction against the defendant, Steger & Sons Piano Manufacturing Company, from using the word "Meister" as a trade-mark or trade name for pianos; and that afterwards, while the said suit was pending and the said injunction was in force, on September 2, 1909, an agreement was made between the complainant and all the defendants whereby the complainant stipulated and agreed to release the defendants from all claim from damages for past unlawful use of said trade-mark "Meister" and to dismiss its said suit in consideration whereof all of the defendants stipulated and agreed that they would never at any time directly or indirectly infringe upon or use said word "Meister" in any way in the piano business, but would at all times concede and accord to the complainant the sole, absolute and exclusive right to use said name as a trade-mark or trade name in the piano business; and further stipulated and agreed that should they or any of them at any time thereafter, either directly or indirectly, violate in any respect any of the terms or the intent or spirit of said agreement, then the said agreement should in such event be considered by any court of equity, in which the complainant might cause its bill for an injunction to be filed, as conclusive and indisputable evidence of the right of the complainant to a

384 APPELLATE COURTS OF ILLINOIS.

Rothschild & Co. v. Steger & Sons Piano Mfg. Co., 174 Ill. App. 381.

preliminary injunction immediately and without notice, enjoining the defendants from selling, advertising or offering for sale any pianos having thereon the name "Meister," and from violating in any manner said agreement according to its true intent and meaning; and the defendants also thereby stipulated and agreed that upon the hearing, such injunction should be made permanent, and that they would never question complainant's right to such injunction nor the jurisdiction of a court of equity to issue the same; and the bill shows that upon the execution of said agreement, copy of which is attached to the bill and pursuant to its provisions, the said prior suit was dismissed.

The bill in the third place shows, that nothwithstanding the complainant's right to said trade-mark and their said agreement, the defendants were advertising and offering for sale pianos bearing the name "Meister," and pianos stated and represented to be "Meister" pianos, and a copy of an advertisement inserted in Chicago newspapers by the defendants was attached as an exhibit to the bill; that the advertisement stated that the defendant Singer Piano Company, in November, 1909, made a contract with a State street department store, meaning the complainant, under which it had made and delivered to said store over four thousand pianos, but that it had since discontinued manufacturing pianos for said store, and had on hand three hundred and fifty-two pianos manufactured for said store which the defendant, the Singer Piano Company, would sell at manufacturer's price, as it was not looking for profit from said sale.

The foregoing allegations, together with the usual allegations showing the irreparable injury to the complainant, and that the complainant was without remedy except in a court of equity, are the substantial allegations of the bill.

The answer filed by the defendants to the bill expressly admitted, or neither admitted nor denied, and, therefore, for the purpose of a motion to dissolve,

substantially admitted the truth of each and all the essential allegations of fact of the bill.

The answer expressly admitted the continuous use by the complainant in its piano business of the trademark "Meister," and neither admitted nor denied the date of its adoption by the complainant, nor that the name, since its adoption, had been exclusively used by the complainant, and neither admitted nor denied the registration of said trade-mark by the complainant in the United States patent office; but the defendants claim in their answers as a matter of law that such trade-mark could not be lawfully appropriated or registered by the complainant because it was descriptive.

The answer expressly admitted that the complainant on or about April 3, 1907, filed its prior bill of complaint as alleged in the bill, and that an order for a writ of injunction was issued in said suit as alleged, and that on the second day of September, 1909, the agreement was entered into as set forth in the bill of complaint.

The answer expressly admitted that the defendants at the time of filing of complainant's bill for a short time prior thereto were selling, advertising and offering for sale certain pianos bearing the name "Meister," and that they had advertised as shown by the advertisement attached as an exhibit to the bill.

The answer, after thus admitting and confessing the essential averments and equities of the bill of complaint, set out that subsequent to the making of the contract of September 2, 1909, the complainant ordered from the defendants many pianos bearing the name of "Meister," made pursuant to a written proposition containing specifications submitted by the defendants to the complainant on October 22, 1909, from which course of dealings defendants claimed that an implied contract arose, whereby the defendants were authorized to advertise and sell pianos bearing the name "Meister" made pursuant to said specifications; and

the answer averred that the complainant had refused to accept a number of pianos made pursuant to said proposition, and the defendants claimed the right to advertise and sell "Meister" pianos, not generally but such as had been manufactured pursuant to said alleged contract.

The answer then avers that the complainant misrepresented the pianos sold by it under the name of "Meister" by reason of which defendants claimed that the complainant came into court with unclean hands.

In the next place the answer averred that, inasmuch as the complainant in its bill had not advised the court of its alleged unclean hands and of said alleged contract, claimed by the defendants to give them the right to sell "Meister" pianos manufactured pursuant to specifications submitted to complainant, complainant was guilty of a fraud upon the court in obtaining the issuance of the injunction.

The foregoing in substance sets out the substantial defenses alleged in the answer of the defendants.

After the answer was filed and the complainant had filed its replication thereto, the defendants entered a motion to dissolve the injunction. Prior to the hearing of the motion to dissolve, the complainant served upon the defendants a document termed an amendment to the bill, answering the new matters set up in the answers, which proposed amendment, however, was not filed, the complainant notifying the defendants that it would ask leave to read said proposed amendment as an affidavit upon the hearing of the motion for dissolution.

Numerous affidavits on behalf of the complainant and the defendants, bearing upon the new matter raised by the answer of the defendant, were marked for identification at the hearing of the motion to dissolve, and are contained in the record.

The chancellor, on the motion to dissolve, ruled as a matter of law that the matters of defense not traversing but purporting to confess and avoid the essen-

tial equities of the bill of complaint, were not compe-
tent for consideration upon the motion for dissolution
of the injunction, and declined to consider all such affi-
davits bearing upon such new matter, it appearing to
the court that the contentions of the defendant in the
answer and affidavits in support thereof, were contro-
verted and denied by the complainant.

In our opinion the chancellor properly held that upon
a hearing for the dissolution of a temporary injunc-
tion, the court will not consider new matters of de-
fense which do not traverse but confess and purport to
avoid the material allegations and essential equities
of the bill of complaint, where such new matter is not
conceded to be true but is controverted and denied by
the complainant. Mabel Min. Co. v. Pearson Coal &
Iron Co., 121 Ala. 567; Armstrong v. Potts, 23 N. J.
Eq. 92; Vreeland v. New Jersey Stone Co., 25 N. J.
Eq. 140; 2 Spelling Extraordinary Relief, p. 858, sec.
1056; p. 860, sec. 1058; pp. 862-863, sec. 1061; Johnston
v. Corey, 25 N. J. Eq. 311; Lawrence v. Philpot, 27
Ga. 585; Fargo v. Ames, 45 Iowa, 494.

In our opinion the defendants are estopped and pre-
cluded by the stipulation and agreement made and en-
tered into by them on September 2, 1909, from ques-
tioning the complainant's right to the exclusive use of
the name ''Meister'' as a trade-mark or trade name for
pianos upon this motion. Ft. Stanwix Canning Co.
v. McKinley Canning Co., 49 App. Div. (N. Y.) 566;
People v. Spring Lake Drainage & Levee Dist., 253 Ill.
479.

We do not in thus holding intend to pass upon the
question of estoppel arising upon the contract of Sep-
tember 2, 1909, any further than to hold that upon the
hearing of a preliminary motion, such as a motion to
dissolve, it should have the effect to estop the defend-
ants from questioning the right of the complainant to
the exclusive use of the name ''Meister'' as a trade-
mark or trade name for pianos, in the absence of any
serious or specific charge of fraud in the making of

the contract. Our attention has not been called to any fraud shown in the record in procuring the execution of the contract by the defendants. We are of the opinion that the chancellor properly refused, under the facts and circumstances set up in the bill of complaint, to go into and consider the question as to whether the term "Meister" is or is not subject to appropriation as a trade-mark. The defendants, on September 2, 1909, agreed that it was the proper subject of a trade-mark and that they would not dispute it for the purposes of an injunction or the dissolution of injunction restraining them from using it in any way; this stipulation was sufficient, and the court might reasonably, on the preliminary motion before it, decline to consider the legal right of the complainant to appropriate the term "Meister" as a trade-mark.

We do not think that because the complainant did not anticipate in its bill the contentions and assertions of the defendants as to the existence of a contract, made subsequent to the contract of September 2, 1909, above mentioned, for manufacturing pianos for the complainant, which alleged contract it controverts and denies, it can be chargeable with fraud and suppression of material facts, or with fraud upon the court in filing its bill and obtaining a preliminary injunction. The material allegations of the bill are not denied. Matters outside of the rights of the complainant as set forth in the material averments of the bill are set up in the answer and affidavits, which, on final hearing, may or may not affect the equitable rights of the complainant to a decree; but, pending the final hearing by the court, the complainant has a right, under the authorities cited above, to have the motion now before us heard upon its bill and upon the answer and affidavits directly responsive to the averments of its bill. It is therefore unnecessary for us to discuss the other propositions argued in the briefs. The facts alleged in the bill being in effect admitted, we think the chancellor did not err in denying the motion to dissolve. The order is affirmed.                    *Affirmed.*