SHADRACK YARBOROUGH vs. JAMES B. HARPER.

An officer has no authority to seize and take possession of property without an execution for that purpose, and he has no authority to seize the property of third persons.

The owner of property so taken has his choice of actions, under the claimant act, replevin, or trespass.

If the property were not liable to the satisfaction of the execution, then the officer could not legally levy on it.

In error from the circuit court of Carroll county; Hon. F. M. Rogers, judge.

This was an action of replevin to recover a horse and colt,

which were alleged to have been wrongfully taken and illegally detained. Declaration filed in usual form. On the trial, bill of exceptions was taken to a charge given to the jury by the court.

It was proven, that the plaintiff was the owner of the property in controversy, and had left it with one Hendricks to be kept safely until plaintiff returned, he having temporarily left the State; that Hendricks, against whom defendant had an execution, had no interest in the property; that plaintiff was not a party to the judgment and execution under which the levy was made; and that defendant had levied on the property by virtue of an execution against Hendricks. The value of the property was also proven. This was all the proof.

The defendant obtained from the court the following charge to the jury: —

"That if the defendant was an officer, and by virtue of an execution levied on property claimed by a stranger to the execution, an action of replevin could not be maintained for 'such taking or detention' by the claimant." To this, plaintiff excepted. Judgment was rendered for defendant, and plaintiff prayed this writ of error.

*Sheppard,* for plaintiff in error.

*Johnson* and *Helm,* for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiff in error brought an action of replevin in the circuit court of Carroll county. The defendant resisted the action, on the ground that he had levied on, and taken the property in controversy as an officer, by virtue of an execution against the property of one Hendricks. The court below instructed the jury, that this was a good defence to the action.

The execution only authorized the officer to levy on and take possession of the property of the defendant therein. Without the execution, he could not have taken the property of the debtor. It gave him no authority to seize the property of third persons, and he could not, therefore, justify under it.

It is true the owner could have made his claim to the pro-

10 *

perty under the statute, but he was not compelled to rely alone on this remedy. He had his choice of actions, under the claimant act, replevin, or trespass. If the property were not liable to the execution, then the officer could not legally levy on it. He can only justify under process where he had a right to levy.

Judgment reversed, and cause remanded.