## DELAND v. MERSHON et ux.

Where a promissory note is executed by one party, and a mortgage to secure the payment of the same, by another, the maker of the note is not a necessary party to a proceeding to foreclose the mortgage—or, at least, not so manifestly so, as to enable the defendant to take advantage of the failure to join the maker in the action, by a demurrer to the petition.

Where one party executes a mortgage to secure the payment of a note made by another, the mortgagor becomes liable to pay the debt, either from the mortgaged property, or his general property, unless the parties have stipulated otherwise; and under section 2085 of the Code, the court may order a general execution, in the event that the mortgaged premises do not sell for sufficient to satisfy the judgment.

*Appeal from the Jasper District Court.*

WEDNESDAY, OCTOBER 20.

Mershon & Bros. executed their promissory note to complainant, and to secure it, the respondents made a mortgage, to foreclose which this suit is brought. To the petition, there was a demurrer for want of proper parties, which was overruled. Decree in favor of complainant, and defendants appeal.

*Seevers, Williams & Seevers*, for the appellants.

*H. J. Skiff* and *S. A. Rice*, for the appellee.

Deland v. Mershon et ux.          .

WRIGHT, C. J.—The demurrer, in its assignment of causes, is quite general—stating that there is a non-joinder and misjoinder of parties, without specifying particularly how, or in what manner. Without sanctioning this method of demurring, we shall consider the objections as stated in the argument.  .

This was a proceeding to foreclose a mortgage. The mortgage was made to secure a debt from Mershon & Bros. The holder had a right to sue upon the note, or upon the mortgage. Code, section 2086. He seems to have elected to bring his suit upon the security. Mershon & Bros., were not necessary parties to this proceeding; or, at least, not so manifestly so, as to enable respondents to take advantage of the failure to join them in the action, by demurrer. If Mershon & Bros. had asked to be made parties, or if respondents had so moved, upon the ground that they were interested in the amount of the recovery, a different question might be presented. As the matter stands, respondents by their mortgage, became liable for the debt; and though other parties may also be liable, it does not follow that they are so far necessary parties, as that a decree of foreclosure could not be rendered until they were brought into court. They are not incumbrancers, and have no interest in the land. The respondents, so far as shown, are the only ones having such an interest. Until made parties, or in some manner notified of the pendency of this suit, Mershon & Bros. would not be bound by it; nor affected by the amount of the recovery. The complainant had a right to look to his security, and proceed upon that, and if the makers of the note had any interest in the recovery, complainant was not bound to place them in a position to assert it, before he was entitled to his foreclosure.

The suggestion that there was error in ordering a general execution, in the event that the property mortgaged did not sell for sufficient to satisfy the judgment, is not tenable. Under section 2085 of the Code, the right to such an execution is expressly given, unless the parties to

the mortgage have stipulated otherwise.    There is no stip-
ulation appearing from the mortgage, or in any other way,
to take the case out of the ordinary rule.    By the mort-
gage, respondents became liable to pay the debt, either
from the property named, or their general property.

Decree affirmed.