Anderson et ux. v. Reed et al.

---

ANDERSON *et ux.* v. REED *et al.*

1. DISSOLUTION OF INJUNCTION. An injunction may be dissolved on bill

---

1. See *Bell* v. *Evans*, 10 Iowa 353.

and answer when the answer denies all the equities alleged in the bill.

2. DEED OF TRUST: LIABILITY OF GRANTORS. When the husband and wife joined in the execution of a deed to secure the payment of notes executed by the husband alone; held that a decree ordering a general execution against the property of both the husband and wife to satisfy a balance due on the notes, after the application of the proceeds arising from a sale of the property described in the deed, was erroneous.

3. FINAL DECREE. No final decree for the payment of money should be entered against a party in a chancery suit, before the amount due from him to his adversary is ascertained and determined by the court.

*Appeal from Des Moines District Court.*

FRIDAY, OCTOBER 12.

*Hall, Harrington & Hall* for the appellants.

*Geo. F. Darwin* for the appellees.

BALDWIN, J.—This was a proceeding by injunction to stay the defendants, Grimes and Garrett, as the trustees of complainant, from selling certain real estate.

The complainants in their bill represent that Phelina V. Anderson purchased of the defendant, Reed, a certain tract of land containing twenty-nine and one-half acres, and paid for the same at the rate of ninety dollars per acre, and received a deed from said Reed therefor. It is also represented in said petition that H. C. Anderson, the complainant, executed and delivered his two promissory notes to said Reed, for a part of the consideration money for the said premises; that the said H. C. Anderson and Philena V. Anderson executed to said Grimes and Garrett, as trustees, a deed of trust upon the real estate purchased from said Reed, to secure the said notes when due. The complainants further represent that there have been certain payments made upon said notes not credited thereon; that about one acre of the said land was not owned by the said Reed at the time he conveyed to complainant; that he had disposed of the same by granting the right of way across said land to the Burling-

ton & Missouri River Railroad; that the amount thus conveyed was worth the sum of one hundred dollars, and should bave been credited upon said notes; that the said trustees had advertised to sell said property, without allowing such credits to complainants. They, therefore, prayed for and obtained an injunction staying such sale.

The defendant Reed, answered, denying that there had been payments made on said notes not credited ; and further answering said, that it was well understood between the parties at the time of said conveyance, that the said Railroad Company had the right of way across said tract of land. The defendant further sets forth in his answer, "that he is now willing and offers, on condition that said plaintiff will pay the amount now due on said purchase, to deduct from said purchase or consideration the amount per acre paid which may be found to be in said road, upon the plaintiffs' conveying by quit claim said amount of land thus found to be in said road," &c.

A motion was also filed by the defendant to dissolve said injunction for the reason that there was no equity in said petition, &c.

The cause was submitted to the court upon the answer of Reed, and the motion to dissolve the injunction. The court upon the hearing of said motion, dissolved the injunction, and ordered a judgment to be entered against both of said complainants for the amount of principal and interest due on said notes, and the costs of suit, and directed a special execution to issue, authorizing the sale of said property, as described in the deed of trust.

The decree however provided that before such execution should issue, that the county surveyor of said county was directed to make a survey of so much of said land as was within the line of said road, and make return of said amount within a specified time, and that complainants were ordered to convey this amount of land, by quit claim, to defendant, Reed; and that upon such conveyance they should be enti-

tled to a credit upon said judgment, at the rate of ninety dollars per acre, for the amount thus found to be within the line of said road across the said tract of land.

From this decree the complainants appeal. And the errors assigned relate to the power of the court to render such a decree upon the evidence, and to enter up a judgment against Philena V. Anderson. Also, in ordering, in the decree, the county surveyor to make such survey after final decree was rendered, and in decreeing that complainants should convey the amount of land reported by said surveyor, to respondents; and in compelling the complainants to accept as damages the amount determined upon by said surveyor.

We think that this statement of the record of this case, renders it unnecessary for us to do more than refer to the irregularity of this decree, as a reason for its reversal.

The cause was submitted to the court upon bill and answer, and as all the equities in the complainants' bill are denied by the defendants, there was no error in dissolving the injunction. The case falls within the rule as recognized in *Stevens* v. *Myers, infra.*

We think the court erred in rendered a personal judgment against Philena V. Anderson. The notes were executed by H. C. Anderson alone, and not by Anderson and his wife; and her execution of the trust deed was only for the purpose of subjecting her interest in the property thereby conveyed as security for the payment of the notes so executed by her husband[1].

The court erred in rendering a decree compelling the complianants to abide by the action of the surveyor, and in leaving to him the ascertainment, after final decree, of the amount

---

1. But where one party executes a mortgage to secure the payment of a note made by another, the mortgagor becomes liable for the payment of the debt, unless the parties stipulate otherwise; and a general execution may be ordered against the property of the mortgagor for the satisfaction of the balance remaining after the application of the proceeds arising from the sale of the mortgaged premises. Rev. 1860, section 3662; *Deland* v. *Mershon et ux,* 7 *Iowa* 70.

of the land covered by the road. If the value of such land was to be credited to complainants, the amount thereof should have been determined prior to such final decree and deducted from the debt found due to the respondents.

The order of the District Court dissolving the injunction is affirmed. The remainder of the decree is reversed.