Assignment of errors.

## MARTIN O. HOPKINS v. E. S. DRAKE.

1. REPLEVIN—ATTACHED PROPERTY.—Property which has been attached, can be taken out of the hands of the attaching officer, by a writ of replevin, sued out by a third person who claims to be entitled to the property and the possession thereof.

Appeal from the chancery court of Claiborne county. SMI-LEY, J.

The facts appear in the opinion of the court.

The following are the errors assigned:

1st. The chancellor erred in dissolving the injunction for want of equity on the face of the bill.

2d. Hopkins, not being a party defendant to Drake's replevin suit, could not get into court to defend and protect the levy of his attachment; could not compel Smith to defend the replevin suit, and being without remedy at law, was forced into equity to preserve his rights, and the court below erred in not so doing.

2d. Hopkins' attachment was pending in the chancery side of the circuit court of Claiborne county, to be held the second Monday in December, 1868, and Drake's replevin was pending in the county court of Claiborne county, to be held on the first Monday in December, 1868, and limited by law to continue only one week, and therefore, triable before the meeting of the circuit court, and the court erred in deciding against Hopkins' equity.

4th. The replevin suit is void. The property while in the possession of Smith, coroner, under and by virtue of the attachment, was in *custodia legis*, and could not be taken out of such custody by a writ of replevin emanating from a different court.

5th. The bill avers that Drake was not entitled to the possession of the property, and that by his repleven suit, he is combining with Beasley to defraud Hopkins. The bill is not answered, and without answer, a motion to dissolve cannot lie.

*Wm. Sillers* and *Stephen Thrasher*, for appellant.

1st. The attachment was sued out in aid of a pending suit, under article 13, page 377, of the Revised Code of 1857, which gives an attachment in aid of suits commenced, and pending in any of the courts of this state. Under this statute, the attachment was properly and legitimately sued out.

2d. There was equity in the face of the bill, in this: Drake sued Smith, the coroner, in replevin, and took possession of property levied on by him, by virtue of Hopkins' attachment. This property was in the possession of Smith, in his capacity as coronor. Hopkins, the complainant, being sheriff of the county, as aforesaid. Hopkins, not being a party to the replevin suit in the county court, could not get in there to defend and protect his attachment levy issuing from the chancery court, and he had no way to compel Smith, the coroner, to defend the suit. The term of the county court, at which Drake's replevin was triable, commenced and ended before the commencement of the chancery court, in which Hopkins' attachment was triable—the county court commencing 1st Monday in December, 1868, and limited by law to one week, and the chancery court commencing on the 2d Monday in December, 1868, after the adjournment of the county court "court in course." There was great danger of the whole matter going by default in the county court, and the removal of the property beyond the jurisdiction of the court. Hopkins had no remedy at law, and was forced into a court of equity to preserve and protect his levy, and prevent Drake from having the suit in the county court determined, and removing the property beyond the jurisdiction of the chancery court, as aforesaid.

We think the facts stated in the bill of complaint, undoubtedly show a case for equity jurisdiction, and equitable relief. Under the state of facts there stated, Hopkins had no alternative but to go into a court of chancery.

*Maury & Patton*, and *Drake*, for appellees.

This was a bill to enjoin proceedings at law. Defendant

moved to dissolve the injunction for want of equity on the face of the bill. Motion sustained and injunction dissolved.

1st. Plaintiff shows no title to the property in dispute, except by virtue of an attachment sued out of the chancery court. The attachment was waived upon the showing of the bill; attachments in chancery being allowed only against "non-resident, absent and absconding debtors." Revised Code, 549, art. 60, 61, 62, and can issue only from the chancery court, and not from justices of the peace. Ib.

2d. Drake claims the property, and levies upon it by virtue of a writ of replevin, setting forth that he is justly entitled to the immediate possession. Replevin lies in all cases where goods are unlawfully taken, or detained. Rev. Code, 397; Mosely v. Anderson, 40 Miss., 50. Nor could the pendency of a suit in chancery by Hopkins v. Beasly, by any possibility defeat or impair Drake's right. If Drake is not entitled to the immediate possession of the property, then his claim would certainly be defeated on the trial of the replevin suit at law, and there is no necessity for the intervention of a court of chancery. If Beasley is really the owner of the property as alleged in the bill, then either he or Hopkins would be admitted to defend the replevin suit of Drake v. Smith—Smith being merely a nominal defendant. Nor would a "combination" between Beasely and Drake alter the case.

Peyton, C. J.:

This suit was instituted in the chancery court of Claiborne county to enjoin the prosecution of an action of replevin in the county court of said county.

The bill alleges that Martin O. Hopkins brought suit in equity against David H. Beasley, for an account and settlement of a partnership business between them, in which it is alleged that the said Beasley was indebted to the complainant, Hopkins, in the sum of $440 89; and that during the pendency of said suit, the complainant on the 13th day of November, 1868, sued out a writ of attachment, which was

levied by the officer, James M. Smith, on four bales of cotton and mules as the property of the said Beasley, for the payment of said debt.

And the bill charges that E. S. Drake, after the levy of the attachment as aforesaid, sued out a writ of replevin against the said James M. Smith, and placed the same in the hands of Richard Parkinson, who levied the same on the said cotton and mules in the possession of the said Smith. The said action of replevin was brought to the December term of the county court of said county of Claiborne. The bill concludes with a prayer for an injunction restraining the said Drake from prosecuting his said action of replevin, and that upon a final hearing of the cause, the same may be perpetuated.

At the December term, 1868, of said chancery court, the said defendant, E. S. Drake, moved the court to dissolve the injunction for the want of equity on the face of the bill; which motion was sustained by the court, and the injunction dissolved. Hence the cause comes to this court by appeal.

The only question in this case is, can property which has been attached, be taken out of the hands of the attaching officer, by a writ of replevin, sued out by a third person, who claims to be entitled to the property and the possession thereof.

It is contended by counsel for the appellant that the property, while in the possession of the officer, by virtue of the levy of the attachment, was in *custodia legis,* and could not be taken out of such custody by a writ of replevin emanating from another court. This question has already been adjudicated here in the case of Yarborough v. Harper, 25 Miss., 112. That was an action of replevin brought by the plaintiff against the sheriff, who had levied an execution upon the plaintiff's property in the hands of a third person. The defendant resisted the action on the ground that he had taken the property as an officer, by virtue of an execution against the property of the defendant therein. The court say: "The execution only authorized the officer to levy on

and take possession of the property of the defendant therein. It gave no authority to seize the property of third persons, and he could not, therefore, justify under it."

In this case, the writ of attachment authorized the officer to attach only the property of Beasley, and would not justify the taking of the property of any other person under it. And Drake, who claimed to be the owner of the property, had his election, either to bring replevin or trespass, or interpose his claim to the property under the claimant act. We think the court did not err in dissolving the injunction.

The decree must, therefore, be affirmed.