## A. E. FOXWORTH *v*. ELISHA MAGEE, Adm'r, etc.

1. CHANCERY PRACTICE.—An injunction to restrain proceedings at law was sued out upon allegations of fraud and combination by the defendants to cheat. The defendants answered, denying all fraud or combination, and averring honesty and good faith in the suit at law; they also filed pleas to the bill, and they moved, upon the matters stated in the answer, to dissolve the injunction. The complainants excepted to the answer, demurred to the pleas, and set down the cause for hearing on the sufficiency of the pleas. In this attitude, and with no objection from complainants, the cause was brought to hearing on defendants' motion to dissolve the injunction and dismiss the bill. *Held*, that the complainant, if he had wanted to test the merits of his demurrer to the pleas, or of his exceptions to the answer, should have demanded a prior hearing upon them in the chancery court. Decree affirmed.

APPEAL from the chancery court of Marion county. McMILLAN, Chancellor.

The opinion of the court states the case.

*Bentonville Taylor*, for appellant.

It is a settled rule in chancery that an injunction, until dissolved, must be obeyed, even if wrongfully

sued out. Kerr Inj. Eq. 638. It is equally well settled that a party in contempt for breach of injunction, shall not, before purging himself of the contempt, be heard on motion to dissolve the injunction, or take any steps in the cause. A court will not lend its aid to one in contempt of court. Appellant had a right to preserve his judgment lien, and the condition of a replevin bond is, that the plaintiff in replevin will return the property replevied, if return be adjudged; and it is a violation of the condition of the replevin bond to consume, destroy, dispose of, or remove beyond the jurisdiction of the court the property replevied. A judgment lien is a vested right, and so also is an attachment lien. It is an interest in the property, and though the replevin act authorizes the plaintiff in replevin, on giving bond, to take the property into possession, it does not authorize him to dispose of the property in any way. The act of November 29, 1861 (Session Acts, p. 73), makes it a felony to remove personal property, on which there exists a lien, beyond the state, with intent to defraud the creditor, and the fact that the property is replevied does not divest the judgment lien.

It was error to dissolve the injunction before the appearance of Toler, and the court should have sustained appellant's exceptions to the defendant's answer and pleas.

*Chrisman & Ford*, for appellee.

The writ of replevin was issued out of the county court, but that court had full jurisdiction over the subject-matter of the suit. Acts of 1865, p. 78; Rev. Code of 1857, p. 395; Hopkins v. Drake, 44 Miss. 619.

The bill was evidently filed upon the presumption that a claimant of property attached was driven to the remedy provided for him in the "attachment law" of the Revised Code of 1857, p. 381, art. 38, and that he

was not entitled to the remedy provided by the Code, p. 395, under which the replevin suit was instituted. The bill being founded upon this misconception of the law, the entire fabric must fall.  Hopkins v. Drake, *supra ;* Yarborough v. Harper, 25 Miss. 112.

SIMRALL, J. :

Alexander E. Foxworth, administrator of the estate of Elizabeth Foxworth, deceased, filed a bill of injunction against Elisha, John and Charles Magee, Robert Toler, and Clinton Atkinson, alleging that the intestate, in her lifetime, recovered a judgment against Elisha Magee, Harrison Pope, and Ann E. Magee, administrators of the estate of Jackey Magee; and that at September term, 1869, of the Marion circuit court, the complainant sued out *scire facias* to revive the judgment, and on 24th September, 1869, he also obtained an attachment in aid of the *scire facias,* which was levied on nine bales of lint cotton, a lot of corn and cotton seed, as the property of Elisha Magee.

In November, 1869, John Magee and Charles Magee, by said Elisha, as his next friend, replevied the property by executing a bond with C. Atkinson and Toler as securities.  The complainant avers that these parties and others combined and confederated to defraud and cheat him out of this property, which was subject to the judgment; that the affidavit in the replevin suit was untrue ; that all the parties on the bond were insolvent except Atkinson, who is involved largely in debt; that the clerk of the county court had no authority to administer the oath, nor had the county court jurisdiction over the replevin suit.

The answer of the defendants denies each of these allegations, asserts that the claim preferred in the replevin suit is *bona fide* and honest, and also denies all fraudulent intent and combination to cheat and defraud.  With the answer were several pleas filed, which

the complainant set for hearing on their sufficiency in law. Exceptions were also filed to the answer; no disposition appears to have been made of the pleas or exceptions. In this condition of the pleadings the court heard a motion of the defendants to dissolve the injunction, which was sustained, and thereupon an appeal was taken.

The appeal brings up nothing but the interlocutory order appealed from, and does not submit to review in this court the entire record, as in appeals from a final decree.

If the complainant had desired the opinion of the court on the sufficiency of the pleas, in his exceptions to the answer before the motion to dissolve was heard, he ought to have insisted upon a prior hearing in the chancery court. So far as the record shows, the motion was entertained without objection. Considering the case as before the court on the bill, answer and exhibit (the pleas not in any manner affecting the merits), the decision of the chancery court could hardly have been otherwise. Certainly the claimant of the property was entitled to have his right to the property investigated and adjudicated in the form of suit selected. Hawkins v. Drake, 44 Miss. 619. When, therefore, the defendants emphatically and positively deny combination to defraud, and affirm that the claim made to the property is in good faith and honest, the entire foundation of the complainants' bill is swept away. Nor does the circumstance that pleas, such as those in the record, were not first disposed of, help out the complainants. If he supposed that he would be prejudiced by hearing the motion before the pleas, he ought to have made that point before the chancellor, and not have laid by to start it first in the appellate court.

The county court to which the replevin writ was returnable had jurisdiction. Upon the dissolution of

that court, its unfinished business was transferred to the circuit court.

It would be an extraordinary stretch of equity jurisdiction, when the allegations of fraud are fully met and traversed by the answer, to retain the injunction restraining the claimants of the property seized under the attachment writs, from the opportunity to try his right in the court of law.

If it were true that the replevin bond was insufficient, as complained in the bill, it is no ground for resort to equity. The ninth article of the replevin statute, Code, 1857, p. 396, allows the bond, if judged to be insufficient, to be perfected by additional security or another bond; if the latter bond be not given, then the sheriff is liable on his bond. New and additional security may be given as under the attachment law, so that the complainant has full and complete statutory remedy. But the complainant does not allege the insolvency of C. Atkinson, one of the obligors, but only that he, or his commercial firm was largely in debt; that, however, is denied in the answer.

There is no error in the decree, and it is affirmed.