## R. J. Ross, Sheriff, v. John Hawthorne.

1. Exempt Property. *Replevin. Remedy under code, section 2134.*
   A judgment-debtor whose exempt property has been seized under the execution can maintain replevin against the sheriff therefor, and the exemptionist's remedy provided by the Code of 1871, section 2134, is not exclusive.

2. Same. *In what court action brought.*
   An action of replevin by the exemptionist against the sheriff, who has seized the exempt property, must not necessarily be brought in the court from which the execution issued, but may be brought in any court having jurisdiction.

Error to the Circuit Court of Madison County.

J. W. Downs, Special Judge, by agreement of the parties, Hon. S. S. Calhoon being disqualified.

A. Baldwin & Co. having recovered before E. C. Postell, a justice of the peace of Madison County, a judgment by default against John Hawthorne, an execution was issued thereon, and levied by R. J. Ross, sheriff of Madison County, on a horse. John Hawthorne, who claimed that the animal was exempt from seizure and sale, brought against Ross, the sheriff, an action of replevin before Robert Powell, mayor of Canton and *ex-officio* justice of the peace of Madison County.

From a judgment by Powell in favor of Ross, Hawthorne appealed to the Circuit Court, where Ross moved to dismiss the case (1) because the court had no jurisdiction thereof;

and (2) because the action was brought originally in the wrong court. The motion was overruled, and Ross excepted.

There was, afterwards, a jury and verdict for Hawthorne, and judgment thereon, from which Ross, the sheriff, prosecutes this writ of error.

*E. J. Bowers*, for the plaintiff in error.

The defendant in error fails to bring himself within section 2134 of the Code of 1871, which is an express statute giving a specific remedy to a judgment-debtor whose exempt property has been seized under execution against him. That statute provides for a trial in the court to which the execution is returnable, after an issue, like a claimant's issue, has been made up. In courts of concurrent jurisdiction the court which first gets control of the subject-matter of controversy maintains it until the litigation ends. The statute provides the exclusive method of asserting a right to exempt property seized under execution; so that the action of replevin will not lie against the sheriff in any court in this case. And if such action could be brought, it would have to be before the magistrate who first acquired jurisdiction over the property. *Butler* v. *Alcus*, 51 Miss. 47 ; *Maxey* v. *White*, 53 Miss. 80.

The unseemly contests which would arise from allowing one justice of the peace to sit in review of the actions of another should be avoided. And when a court has once acquired jurisdiction of a suit, it should not be left in the defendant's power to oust the jurisdiction without showing, and select his own forum.

*John Handy*, for the defendant in error.

There was no error in the rulings of the court below. Article 2, page 464, of the Code of 1871, gives a cumulative remedy in favor of persons whose exempt property has been taken under execution ; it does not take away other remedies afforded by law for the recovery of personalty wrongfully taken from them. *Yarborough* v. *Harper*, 3 Cushm. 112 ; *Ford* v. *Dyer*, 4 Cushm. 243 ; *Moseley* v. *Harper*, 40 Miss. 49 ; *Hopkins* v. *Drake*, 44 Miss. 619.

Exemption rights are highly favored by the law. It never was intended by the statute to force the defendant in execution to assert his right to property as exempt, by a resort to the claimant's issue to assert his right. This might be very onerous on the defendant, inasmuch as it might happen that the defendant might be taken to a forum in the most extreme part of the state for the adjudication of his rights, instead of having a hearing of the same in the county where the levy was made, and the proof at hand.

Simrall, C. J., delivered the opinion of the court.

The question chiefly argued by counsel is whether the judgment-debtor who sets up title to the personal property, as exempt from execution, can bring the ordinary action of replevin against the sheriff.

The case of *Mosely* v. *Anderson*, 40 Miss. 50, is an authority directly against the position of the plaintiff in error, unless there has been some change in the statute-law since the revision of 1857. The objection made in that case was that the Code (sec. 529) gave an action against the sheriff for a levy or seizure of exempt personal property, and that was the only remedy. But another provision of the Code (p. 395) gave the action of replevin for the recovery of the "*property* in all cases where any goods or chattels are, or shall be, wrongfully taken or detained." The court ruled that the party aggrieved had his election to sue the sheriff for damages, or bring replevin against him for the property.

Article 295 of the Code of 1857, which gave the remedy by framing an issue between the judgment-creditor and the claimant to try the right of property, in terms applied " to any *person*, not a *party to the execution*," who preferred the right to the property.

It might have been argued with much force, in support of the replevin action, that this special statutory proceeding embraced only *third persons*, and not a defendant to the judgment and execution. And if the remedy by replevin was

denied a defendant, he must submit to a sale, and obtain redress by suit against the sheriff.

The Code of 1871, section 2134, provides a special remedy for the debtor who desires to retain property seized under execution, and submit his right to it as exempt to the test of a trial. He may give a replevin bond payable to the plaintiff, the creditor, conditioned to have the property forthcoming, to abide an issue to be made up at the return-term of the execution. The plaintiff's counsel insists that this defendant ought to have pursued this statutory method, and that it is the exclusive method of litigating his right to the property.

It may be accepted as settled in this state, by the cases of *Yarborough* v. *Harper*, 25 Miss. 112, *Tod* v. *Dyer*, 26 Miss. 243, and *Hopkins* v. *Drake*, 44 Miss. 619, that property may be taken from the sheriff, held under a levy by him, by the ordinary writ of replevin.

The sheriff makes himself a trespasser by taking in execution the exempt property.

The right of possession, as against a seizure under legal process, is complete. Both the property and the right of possession, as against judgment-creditors, is absolute.

It would follow, then, as held in *Mosely* v. *Anderson*, *ubi supra*, that the debtor whose property is "exempt" fulfills all the conditions of the statute requisite to bring the ordinary action of replevin; that any other method allowed by statute to test his right is cumulative, and, as respects remedy, he stands on the footing of a third person.

The form of issue and trial prescribed in section 2134 of the Code is not exclusive, but the debtor may elect between that remedy and an action for damages, and the ordinary action of replevin against him to regain the property.

It was further objected that the justice of the peace who issued and tried the replevin had no jurisdiction; but if such proceeding could be instituted at all, it could only be brought in the court of the justice who rendered the judgment and issued the execution. It is said that it belonged exclusively

to the justice who took cognizance of the suit to recover the debt, to hear and determine all incidental contestations growing out of that suit.

But the action of replevin is an original suit between the debtor and the sheriff, and whether it should be brought in the Circuit Court or in the Justice's Court is determined by the value of the property. The issue and trial of the right of property must, by the terms of the statute, take place in the court from which the execution emanated. There is no error.

Judgment affirmed.