## CYNTHIA A. PINEO *vs.* C. B. HEFFELFINGER.

29  183
56  323

### June 7, 1882.

**Injunction—Answer Denying Equities of Complaint.**—The general rule is that where the equities of a complaint in an action in which a temporary injunction has been granted, are fully and positively denied, the injunction will be dissolved. This rule is subject to exceptions, resting on recognized principles or equity; the dissolution, like the granting and continuing of injunctions, being largely a matter of sound legal discretion, to be exercised according to the nature and circumstances of the particular case. To warrant the exercise of this discretion, in making an exception to the general rule mentioned, the circumstances of the case must appear to demand a refusal to dissolve, as at least a probable necessity, to prevent great injustice to the plaintiff.

**Same—Injunction Dissolved.**—The facts of the case at bar considered with reference to these views, and an order refusing to dissolve the injunction accordingly reversed.

Appeal by defendant from an order of the district court for Meeker county, *Brown*, J., presiding, refusing to dissolve an injunction.

*Hiler H. Horton,* for appellant.

*S. A. Plumley,* for respondent.

BERRY, J. This action is brought for the purpose of cancelling a mortgage and preventing its foreclosure. Proceedings to foreclose by advertisement having been instituted, a temporary injunction was issued, restraining the sale. Defendant's motion to dissolve having been denied, he appeals.

Was the refusal to dissolve error? At the time of the execution of the mortgage the mortgaged premises were, and ever

since have been, the homestead of the plaintiff's husband, (Dan Pineo,) and in the occupation of him and his family. The mortgage was in fact executed by the plaintiff and her husband, but the complaint alleges that she signed it in ignorance that it covered the homestead; an ignorance induced by the false and fraudulent representations and concealments of her husband, as respects which he acted for and in behalf of the defendant. The injunction was granted *ex parte*, upon the verified complaint and an affidavit of the plaintiff, the important statements of which are as above. In support of his motion to dissolve, defendant read his verified answer, together with five affidavits, all containing statements to the effect that the mortgage was in good faith received by him for himself and others, as creditors of Dan Pineo, in pursuance of an agreement by which, in consideration of the execution of the mortgage, the times for the payment of debts owing to them by Pineo were extended. The answer and affidavits also fully and explicitly deny all knowledge on the part of defendant of, and all connection with, any false or fraudulent representations or concealments of Dan Pineo in procuring the plaintiff's execution of the mortgage, as well as that, as respects any such false or fraudulent representations or concealments, whether as alleged in the complaint or otherwise, he acted for and in behalf of the defendant. No counter-affidavits were presented by plaintiff.

The general rule is that when all the equities of the complaint are fully and positively denied by the sworn answer of the defendant, (as they are in the present instance, as well as by the affidavits,) an interlocutory, or, as our statute styles it, a temporary injunction will be dissolved. *Moss* v. *Pettingill,* 3 Minn. 145 (217;) 2 High on Injunctions, § 1505. To this rule there are exceptions, resting upon recognized principles of equity.

The dissolution, like the granting and continuing, of such injunctions, is largely a matter of discretion, to be exercised according to the nature and circumstances of the particular case,—a consideration of much weight when the action of the original tribunal in reference to the same comes before an appellate court for review. 2 High on Injunctions, § 1508; *Poor* v. *Carleton,* 3 Sumn. 70; *De Godey* v. *Godey,* 39 Cal. 157. But the discretion referred to is nevertheless a sound

legal discretion. To warrant its exercise in making an exception to the general rule as the effect of a full denial in the answer of the equities of the complaint, there must be ground for apprehending some irreparable injury or great hardships to the plaintiff if the injunction be dissolved. In other words, the circumstances of the case must appear to demand a refusal to dissolve as at least a probable necessity to prevent great injustice to the plaintiff. 2 High on Injunctions, §§ 1508, 1509; *Stilt* v. *Hilton,* 30 N. J. Eq. 579. There may also, of course, be a proper exception to the general rule mentioned, when, nothwithstanding the denials of the answer or affidavits, circumstances of a suspicious character appear, leading the court to believe it to be quite probable that the material statements of the complaint will, upon a final hearing, turn out to be true. *Mulock* v. *Mulock,* 26 N. J. Eq. 461. In such case the denials may often be treated as denials in form rather than in fact.

In the case at bar, in addition to an explicit denial by the answer of all the equities of the complaint, it appears by the answer, and also by the accompanying affidavits, that the mortgage was received by the defendant upon a valuable and now fully-executed consideration, to wit, the extensions before mentioned. This is not denied. The plaintiff in her complaint alleges that she was imposed upon by the fraud of her husband. She offers no excuse for allowing herself to be thus imposed upon. For all that appears, the deceit practised upon her is chargeable to her own pure negligence. In such circumstances the defendant, if (as his answer and affidavits tend to show) he has taken the mortgage in good faith, and upon a valuable and now executed consideration, should not be the loser. She put herself in her husband's hands, and cannot charge the consequences upon the defendant. Even if she could offer any reasonable excuse for her negligence in not informing herself of the contents of the mortgage before executing it, the excuse ought not to affect the defendant, unless the facts and circumstances constituting the excuse are brought home to him. To be sure, she attempts to connect the defendant with the fraud, by alleging that her husband acted for and in behalf of him in practising it upon her. But this is fully denied, and, looking at the natural and usual course of business, and the in-

trinsic probabilities of the case, especially in view of the undenied fact that her husband was the person who was receiving a favor from the defendant and those whom he represents, and the person who was procuring the mortgage as the price of an indulgence to himself, it was altogether more likely that he was acting for himself than for and in behalf of the defendant, in procuring the mortgage, and in doing whatever he did to accomplish this.

We are therefore of opinion that the denials of the answer are not only sufficiently full and explicit to meet any and all equities of the complaint, but that the decided probability, in view of the new and undenied matter alleged in the answer and accompanying affidavits, is that the denials are true. We can therefore see no reason why the court, in the exercise of a sound legal discretion, or otherwise, should in this case have made an exception to the general rule as to the effect of full and explicit denials in an answer of the supposed equities of a complaint, and therefore no reason why the temporary injunction should not have been dissolved, Even if it be admitted that the plaintiff may possibly be able, upon a final hearing, to maintain the allegation of her complaint, still the dissolution of the injunction can work no irreparable injury or great hardship. She can preserve her rights as respects the homestead, during the litigation, by a proper *lis pendens*, and, if the foreclosure sale goes on, she has her redemption.

The order refusing to dissolve the injunction is reversed, and the injunction dissolved.