## WALKER & Co. v. STONE ET AL.

1. **Injunction:** PRACTICE: DISSOLUTION ON ANSWER. Where the *gravamen* of a petition for an injunction is fraud, the preliminary injunction will not be dissolved upon the answer, even though it fully denies the allegations of the petition. (*Stewart v. Johnson*, 44 Iowa, 435, followed.)

2. ———: REFUSAL TO DISSOLVE: DISCRETION OF COURT. The ruling of a court continuing a preliminary injunction to the hearing is largely a

| 70 | 103 |
| 86 | 452 |
| 70 | 103 |
| 118 | 29 |
| 70 | 103 |
| 134 | 264 |
| 70 | 103 |
| 142 | 734 |
| f142 | 735 |

matter of discretion, and not to be reversed unless there has been an abuse of discretion.

3. **Assignment for Benefit of Creditors**: SUSPENSION OF ASSIGNEE: RECEIVER. Where the functions of an assignee for the benefit of creditors were suspended by injunction, it was proper to appoint a receiver to take charge of the property.

*Appeal from Decatur District Court.*

THURSDAY, OCTOBER 28.

ACTION for an injunction restraining the assignee from proceeding under an assignment for the benefit of creditors, and for the appointment of a receiver. An injunction was granted as prayed for, and a receiver appointed. The defendants answered, and filed a motion to dissolve the injunction and to remove the receiver. The motion was overruled, and the defendants appeal from the order overruling the motion.

*McIntire Bros.* and *M. L. Temple*, for appellants.

*Young & Parrish* and *E. W. Curry*, for appellees.

ADAMS, CH. J.—The plaintiffs are creditors of the defendant W. E. Stone, who, in February, 1886, made an assignment to the defendant Gemmill. They brought this action to set aside the assignment, and to restrain the assignee, Gemmill, from proceeding under it. They averred that the assignment was made by Stone for the purpose of defrauding his creditors, and set out in what the fraud consisted. The answer of Stone and Gemmill denies the fraud. In *Stewart v. Johnson*, 44 Iowa, 435, it was said: "The general rule, doubtless, is that where all the material allegations of a petition for an injunction are fully and satisfactorily denied in the answer, upon the personal knowledge of the defendant, the preliminary injunction, if one has been allowed, will be dissolved upon motion. But to this rule there are some exceptions, and one of them is where the *gravamen* of the

OCTOBER TERM, 1886.　　105

petition is fraud." Citing *Sinnett v. Moles*, 38 Iowa, 25, and *Dent v. Summerlin*, 12 Ga., 5. It was also held that the ruling of a court continuing a preliminary injunction to the hearing is largely a matter of discretion, and not to be reversed unless there has been an abuse of discretion.

We cannot, in the case at bar, say that there has been an abuse of discretion. The ruling, therefore, continuing the injunction to the hearing cannot be disturbed. Gemmill's functions as assignee having been suspended, on the allegation that the assignment was void, he could not, we think, during such suspension, properly be charged with any duty in relation to the property, and the court, we think, did not err in appointing a receiver.

AFFIRMED.