## HURON WATERWORKS CO. v. CITY OF HURON.

1. A dissolution, like the granting, of injunction, is largely a matter of judicial discretion, which must be determined by the nature of the particular cause under consideration.

2. While it is a well-settled rule that when the sworn answer fully and unequivocally denies all the material allegations of the complaint upon which the complainant's equities rest, the injunction will be dissolved, yet such rule is not without exception, and a court may, in the exercise of a sound discretion, refuse a dissolution when there is ground for apprehending some irreparable injury or great hardship, if the injunction is dissolved before the hearing of the case upon the merits.

3. When the rights of the defendant are protected by a good and sufficient bond, so that no injury can result from a continuance of the injunction, its continuance is to some extent a matter of discretion, and this discretion should be exercised in favor of the party most liable to be injured.

(Syllabus by the Court. Opinion filed March 15, 1893.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by the Huron Waterworks Company against the city of Huron to restrain defendant from taking possession of the waterworks of plaintiff. There was judgment in favor of plaintiff and defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. W. Wilmarth, H. Ray Myers,* and *F. Vollrath,* for appellant.

A municipal corporation cannot sell or otherwise dispose of property constructed, created and held in trust for a public use and benefit of its citizens without a special authority from the legislature, nor can such property be seized on an execution for the debts of such corporation. 15 Am. & Eng. Enc. Law, 1068; Merrinether v. Garrett, 12 Otto, 167; 2 Dill. Mun. Corp. § 575; Ransom v. Boal, 28 Iowa, 68; City v. Illinois, 12 Ill. 38. Agents or officers of a municipal corporation cannot bind it by any act which transcends their lawful or legitimate powers. Treadway v. Schuanber, 1 Dak. 236; Evans v. Hughes, 3 S. D. 244; Minturn v. Laren, 23 How. 435; Thompson v. Lee, 3 Wall. 320; Thomas v. Richmond, 12 Wall. 349; Clark v. Des Moines, 19 Iowa, 199; Clark v. Davenport, 14 Iowa, 495; La Fayette v. Cox, 5 Ind. 38; Davenport v. Kleinschmidt, 13 Pac. 249; Long v. City, 51 N. W. 913; 1 Dill. Mun. Corp. § 89. A municipal corporation under our laws can only sell, buy or convey real or personal property for the use of the city. Section 3920, Comp. Laws; 2 Perry, Trusts, 828; 2 U. S. Dig. 1596; Brackman v. City, 44 N. W. 822.

The power of the city council to make rules and regulations concerning the distribution of the water supplied by such waterworks cannot be delegated. 1 Dill. Mun. Corp. § 96; 15 Am. & Eng. Enc. Law, 1092; Lard v. City, 47 Wis. 386; Lanenstein v. City, 28 Wis. 336; City v. Kelley, 7 Iowa, 102. The legislature, cities and corporate bodies have no power to make contracts and grant franchises that create or tend to create monopolies. Article 6, § 18, Const. S. D.; 15 Am. & Eng. Enc. Law, 1055; Dill. Mun. Corp. § 362; Sagman v. City, 28 Fed. 529; Jackson v. Railroad, 24 Fed. 306; New Orleans v. Railroad, 12 Fed. 308; Meadville v. Fuel, 4 Atl. 733; City v. Brenham, 4 S. W. 143; Chicago v. Rumpff, 45 Ill. 90; Logan v. Payne, 43 Iowa, 524; Gall v. Kalamazoo, 23 Mich. 344. When a complaint does not state facts sufficient to constitute a cause of action it is error to grant an injunction thereon.

McHenry v. Jewell, 90 N. Y. 58; Selchon v. Baker, 93 N. Y. 59; Allen v. Meyer, 73 *Id.* 1; Collins v. Collins, 71 *Id.* 269; Paul v. Meiger, 47 *Id.* 469; Dalrymple v. City, 53 Wis. 178.

The injunction should not be granted, as the injury complained of is not irreparable and there is a complete remedy at law. Leach v. Day, 27 Cal. 645; 3 Wait's Act. & Def. 761; Smith v. City, 6 N. W. 339; Schurmerer v. Railroad, 8 Minn. 88; Burnett v. White-side, 13 Cal. 157; Tomlinson v. Rubin, 16 Cal. 207; Waldren v. Joiner, 5 Cal. 120; Minning's App., 82 Pa. 373; High on Ing. §§ 22, 699. And further, because the equities asked for in the complaint are denied by the answer. Real Del Monte v. Pond, 23 Cal. 83; Magnet v. Payne, 9 Neb. 347; Stevens v. Myers, 11 Iowa, 184; Taylor v. Druson, 15 Iowa, 484; Gagleardo v. Crippen, 22 Cal. 362; Holdridge v. Gwynne, 18 N. J. 26; Crandall v. Wood, 6 Cal. 452; Armstrong v. Sanford, 7 Minn. 52.

*John L. Pyle* and *A. B. Melville*, for respondent.

A person in possession of property, claiming title, is entitled to an injunction against an intruder who threatens to enter and dispossess him. Diamond v. Village, 40 N. W. 448. A court of equity can restrain an unlawful act on the part of an indentured or municipal corporation. Spring Valley v. Bartlett, 16 Fed. 615; High on Ing. § 1247; Keene v. Bristal, 26 Pa. St. 46; Osburne v. Bank, 9 Wheat. 737. A court of equity has the power to restrain any one interfering with the exclusive franchise of a corporation; also, to prevent it from being destroyed entirely. Chicago v. Railroad, 24 Fed. 516; section 13, Bill of Rights, Const. S. D.; Electric v. Hoffman, 12 N. Y. 336; Roanoke v. Emery, 12 S. E. 900; Conklin v. Pacific, 25 Pac. 399; Perry v. Citizens, 13 N. Y. 471; Ball v. Kehl, 25 Pac. 679; Schaufele v. Doyle, 24 Pac. 834; Diffendal v. Virginia, 10 S. E. 536; Wilson v. Hill, 19 Atl. 1097; Sedalia v. Waterworks, 44 Mo. App. 49; Gilpen v. Sierra, 23 Pac. 547; Land v. Osborne, 44 N. W. 235; City v. Osborne, 44 N. W. 622; Yates v. Town, 11 S. E. 8; Morris v. City, 7 N. Y. 943; Van Beck v. Nye, 24 N. E. 686; Cumberland v. Railway, 42 Fed. 273; App. of Cook, 19 Atl. 944; App. of Borough, 18 Atl. 561; Payne v. English, 21 Pac. 952.

A municipal corporation has the power to dispose of any of its property, except such in which the general public outside of the city has an interest.   Broughton v. Pensacola, 93 U. S. 266; Society v. Pennsylvania, 31 Pa. St. 175; Adams v. Rome, 59 Ga. 765; Detroit v. Corvey, 9 Mich. 195; Terra Haute v. Walamarks, 94 Ind. 305; Slovey v. Yarnell, 47 Ark. 269; Black v. Haynes, 12 Vt. 15; Columbus v. Columbus, 28 Pac. 1097; Warren v. Patterson, 56 Ill. 111; Newark v. Elliott, 5 Ohio St. 113; Hart v. City, 12 Fed. 292; Holladay v. Frisbie, 15 Cal. 630; Davenport v. Insurance Co., 17 Iowa, 276; Brown v. Gates, 15 W. Va. 131; Birmingham v. Rumsey, 63 Ala. 352; Small v. Daniels, 51 Me. 362; Philadelphia v. Fox, 64 Pa. St. 180; Western College v. Cleveland, 12 Ohio, 96; San Francisco v. San Francisco, 9 Cal. 453; Oliver v. Worcester, 102 Mass. 489. The municipality can only dispose of the property it holds in a private character; property like parks and public buildings are of a public nature, and cannot be disposed of by the city without legislative authority.   West Sav. Fund v. Philadelphia, 31 Pa. 185; Bailey v. Mayor, 3 Hill, 531; People v. Fields, 58 N. Y. 491; *Id.* v. Ingersoll, 58 N. Y. 1; Maxmilian v. Mayor, 62 N. Y. 160; peo ple v. Briggs, 50 N. Y. 553; Nichol v. Nashville, 9 Humph. 252; Small v. Daniels, 51 Me. 359; Jones v. New Haven, 34 Conn. 1; College v. Cleveland, 12 Ohio St. 373; Hane v. New Orleans, 12 La. Ann. 481; Martin v. Mayor, 1 Hill, 545; Bullerck v. Lowell, 1 Allen, 172; Oliver v. Worcester, 102 Mass. 489; Touchard v. Touchard, 5 Cal. 307; Gas v. San Francisco, 9 Cal. 453; Comm. v. Duckett, 20 Md. 468; Wert v. Brackport, 16 N. Y. 161; Louisville v. University, 15 B. Mon. 642; *Id.* v. Commonwealth, 1 Duvall, 295; Weightman v. Washington, 1 Block, 39; Reading v. Com., 11 Pa. St. 196; Richmond v. Long, 17 Tratt, 375; De Voss v. Richmond, 18 Gratt, 388; New Orleans v. *Id.*, 26 La. Ann. 478; Asken v. Hale, 54 Ala. 639; Detroit v. Corny, 9 Mich. 185; People v. Hurlburt, 14 Mich. 44; *Id.* v. Detroit, 28 Mich. 228; *In re* Malone, 21 S. C. 435; U. S. v. Railroad, 17 Wall. 332.

The city of Huron, under its charter, received from the state an irrevocable grant or power to provide for light and water in

the city.    Having this right or privilege it can delegate it to another.    East St Louis v. Gas Light Co., 98 Ill. 415; City v. Gardner, 97 Ind. 1; Carlysle v. City, 31 Ill. App. 325; Waterworks v. Atlantic, 6 Atl. 24; Smith v. Dedham, W. N. E. 782; Crawder v. Town, 28 N. E. 94; New Orleans v. Company, 6 Sup. Ct. Rep. 273; City v. Gas Co., 66 Ind. 400; City v. Memphis, 5 Heisk, 525; State v. Milwaukee, 29 Wis. 454; Syracuse v. City, 22 N. E. 381; City v. Newport, 84 Ky. 166.

BENNETT, P. J.    The facts, as shown in the pleadings, are few.    The defendant is a municipal corporation, organized and existing under and by virtue of a special act of the legislative assembly of the territory of Dakota approved March 8, 1883. Among the powers granted by this charter was one "to construct and maintain waterworks, and to make all needful rules and regulations concerning the distribution and use of water supplied by such works; to establish a system of drainage and sewerage in the city, and regulate the use and purify certain sewers, drains and aqueducts."    Section 7, pt. 9, Charter City of Huron.    Under this power the defendant, the city of Huron, did construct a system of waterworks, the inhabitants of the city voting and raising the necessary funds to pay for the same.    After maintaining and using these waterworks for the use and benefit of the people for several years, the city of Huron, by ordinance passed by its common council on the 21st day of July, 1890, made an alleged sale and transfer of their waterworks to the plaintiff for an alleged valuable consideration.    The condition of said sale being accepted by the plaintiff, the possession of these waterworks were turned over to it by the city of Huron.    The alleged sale and transfer of these waterworks were under the supposed power granted by the city charter "to purchase, hold, lease, and convey real and personal property for the use of the city."    The plaintiff alleged that the city of Huron is now threatening to retake the possession of their waterworks by force, and appropriate them to its use, and asks for an injunction order restraining and enjoining the

city of Huron, its officers or agents, and all other persons acting by, through, or under it, from in any manner interfering with plaintiff's quiet, peaceable possession and enjoyment of said property, or from the collection of rents for the use of water, and from the plaintiff's use of the streets for maintaining water pipes, etc., during the pendency of the action determining the rights of the parties in the premises. The plaintiff also alleges that the mayor of the city and a majority of the city council have made threats at different times, stating that they intend to take possession of said waterworks, and appropriate the same to the use of the city, and upon information and belief the plaintiff states that unless they are restrained by the court the defendant, by its efforts, will take possession of said waterworks, and bring on a collision between such officers and the employes of the plaintiff, which would be to the great and irreparable injury of the said plaintiff; and further alleges that the defendant is already indebted for a larger sum than can be legally assessed against it, and would be unable to respond in damages for any injury to plaintiff's property. The answer of the defendant denies the sale and conveyance, or that they were made for a valuable consideration, denies the legal possession of the plaintiff, and denies that the plaintiff has made any valuable additions and improvements to the property; but alleges that the pretended sale was brought about by fraud and collusion with one or more of the officers of the city, and further denies the power of the city to sell or transfer the property to any one. The defendant denies that she has threatened to take forcible possession of said waterworks system; denies that she threatened to prevent the plaintiff from collecting the rents and profits from the use of said waterworks; denies that she has threatened to remove any of the property mentioned in plaintiff's complaint; and denies that she will damage or cause the plaintiff any expense or trouble in protecting said property from violence; denies that she is attempting to appropriate plaintiff's property or any part thereof, or intends to deprive plaintiff of the quiet or peace-

able possession of its property; and denies that the plaintiff would sustain an irreparable injury or damage if the defendant should take possession of said waterworks property; and denies the insolvency of the city, or inability to respond in damages for any illegal acts of its officers or agents. Upon the hearing of the complaint and answer the court below granted the injunction order as prayed for by the plaintiff, from which order the appeal is taken.

The only question for our determination is, do the facts alleged in the complaint and the denials contained in the answer justify the court in granting the injunction order during the pendency of the action to determine the respective rights of the parties? In its determination we shall not discuss any of the questions which may relate to the validity or invalidity of the alleged sale of the waterworks by the city of Huron to the plaintiff, but confine ourselves exclusively to the proposition, should the injunction order have been issued? To determine this we have nothing but the complaint and answer before us. By these it appears that the court did not grant an *ex parte* temporary injunction without notice to the defendant. Upon an order to show cause why this temporary injunction should not be made permanent during the pendency of the action to determine the rights of the parties, the defendant appears and answers and denies all the material allegations of the complaint which entitles the plaintiff to an intervention of equitable relief, and asks the court to dissolve the injunction already granted; but this was denied. It is a well-settled rule that, when the sworn answer fully and unequivocally denies all the material allegations of the bill upon which the complainant's equities rest, the injunction will be dissolved. The denial must be of the same positive character as the averments in the complaint on which the complainant's equities rest. Taylor v. Dickinson, 15 Iowa, 483; Caulfield v. Curry, 63 Mich. 594, 30 N. W. Rep. 191; Pineo v. Heffelfinger, 29 Minn. 183, 12 N. W. Rep. 522; Blum v. Loggins, 53 Tex. 121; Anderson v. Reed, 11 Iowa,

177; Parkinson v. Trousdale, 3 Scam. 367; Schoeffler v. Schwarting, 17 Wis. 30; Foxworth v. Magee, 48 Miss. 532; Barr v. Collier, 54 Ala. 39; Hollister v. Barkley, 9 N. H. 230; Magnet Min. Co. v. Page & P. Silver Min. Co., 9 Nev. 347; Grant Co. v. Colonial & U. S. Mortg. Co., (S. D.) 53 N. W. Rep. 746, and cases therein cited. It must, however, be borne in mind that the dissolution, like the granting of interlocutory injunction, is largely a matter of judicial discretion, which must be determined by the nature of the particular cause under consideration. A dissolution does not, therefore, necessarily follow, and, of course, upon the coming in of the answer denying the material allegations of the bill upon which the injunction issued, a court may, in the exercise of a sound judicial discretion, refuse a dissolution, and continue the injunction to the hearing, when the circumstances of the case seem to demand this course. Walker v. Stone, 70 Iowa, 103, 30 N. W. Rep. 39; Kahn v. Kerngood, 80 Va. 342; De Godey v. Godey, 39 Cal. 157; McCreery v. Brown, 42 Cal. 457. But the discretion referred to is nevertheless a sound, legal discretion. To warrant its exercise in making an exception to the general rule, and the effect of a full denial in the answer of the equities of the complaint, there must be ground for apprehending some irreparable injury or great hardships to the plaintiff if the injunction be dissolved. There must be at least a probable necessity for the injunction to prevent great injustice to the plaintiff. In the case at bar there was no evidence introduced to sustain either the allegations of the complaint or the denials of the answer. The plaintiff and respondent bases its claim to an injunction on the grounds: (1) That it had purchased the waterworks of the city, and received a deed of conveyance for them, and is in peaceable possession; (2) that the defendant and appellant is threatening to take forcible possession of said waterworks, and prevent the respondent from collecting the rents and profits for the use of said water system; (3) that the appellants are already indebted more than the assessable value of the property of the city can

be legally taxed to pay, and is wholly unable to respond in damages for any injury which might result from such forcible possession. While defendant, in its answer, denies that the plaintiff has any right to the possession of, or has a lawful title to, said waterworks, and claims that the city was utterly incapable of selling or conveying them to any person or corporation if it so desired, it alleges that the possession of the respondent is merely that of a trustee of the city, and that the city can at any time it desires take possession of said property, and discharge the trustee, and that it is in duty bound to maintain the same for the benefit of the people. And while the defendant does deny the threats to take possession of the plaintiff's property by force, or its intention to collect the rents and profits arising from the use of the waterworks, yet by inference in its allegations it does show that it intends to take the possession of them claiming that they are not the plaintiff's, but that they are the defendant's, and that the possession of the plaintiff is illegal, and that the plaintiff is an involuntary trustee of the defendant. This intention is also inferentially shown by the repeal of the ordinance by which the alleged sale was consummated. Even conceding that the denials of the answer of the defendant are complete and unobjectionable, still it would seem, in the exercise of a sound discretion, the judgment of the lower court should not be disturbed until the final disposition of the case upon its merits. Especially will this be so when it is apparent that a dissolution of the injunction might result in greater injury and hardship than its continuance. High, Inj. §§ 1508, 1509, says: "If the continuance of the injunction, even admitting defendant's answer to be true, cannot prejudice or impair his rights, and, on the other hand, its dissolution might seriously impair the rights of complainant, the motion to dissolve upon the coming in of the answer should not be allowed." Furthermore, in the case at bar defendant cannot have been prejudiced, nor its legal rights imperiled, by the granting of the injunction. The order granting the in-

junction was upon condition of the plaintiff giving a good and sufficient bond in the sum of $7,000, conditioned to pay all damages which the defendant might sustain by reason of the issuance of the injunction, which bond was duly executed. As was said in the case of Hicks v. Compton, 18 Cal. 210: "The rights of the defendant are protected by a bond, and no injury can result to them from a continuation of the injunction. The plaintiff has no security whatever, and the dissolution of the injunction leaves him at the mercy of the defendants. The granting and continuing of injunctions of this nature are to some extent matters of discretion, and this discretion should always be exercised in favor of the party most liable to be injured." In the case of Hunt v. Steese, 75 Cal. 624, 17 Pac. Rep. 920, when the trial court refused an injunction *pendente lite* to restrain waste in an action of ejectment, the court said: "In all cases of this kind an injunction should be granted pending the determination of the issue of ownership, unless it appears that the plaintiff's title is bad, or at least that there is no reasonable ground for the assertion of title by the plaintiff;" and the lower court was directed to issue the injunction. Upon the rules of law applicable to this case and the authorities above quoted, and upon principles of sound reason and justice, we are of the opinion that the court below did not err in granting the injunction pending the trial of this case upon the merits. Its judgment is therefore affirmed.