## HURON WATERWORKS CO. v. CITY OF HURON.

Where an appeal is from an order granting or continuing a temporary injunction upon a sufficient bond, the only purpose and effect of which injunction is to hold the property involved in *statu quo* during the pendency of the litigation, and where the title to the property in dispute is in doubt, depending upon many questions of law, and probably of fact, not considered or discussed by counsel on such preliminary appeal this court will treat the question of title as a doubtful one, and decide only whether, under such circumstances, the temporary injunction was rightly granted.

(Syllabus by the court.    Opinion filed July 5, 1893.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

This case was first decided by this court March 15, 1893. In an opinion dated that day and found in 3 S. D. —, this court affirmed the decision of the lower court. The defendant petitioned for a rehearing, and this opinion is upon that petition. Denied.

*A. W. Wilmarth, H. Ray Myers* and *F. Vollrath,* for appellant.

*John L. Pyle* and *A. B. Melville,* for respondent.

KELLAM, J. This case was before this court at its last term, upon an appeal from an order of the circuit court granting a temporary injunction, restraining appellant from interfering with the property which was the subject of the action during the pendency of such action. A decision by this court was filed, sustaining the action of the trial court. It is reported in 54 N. W. Rep. 652. Appellant has presented a petition for rehearing on the ground that the decision heretofore filed does not dispose of the question of the title to the property in dispute, and that upon the trial of the main action on its merits that question will necessarily be involved, and that an expression of opinion, on this preliminary appeal, on the question of title, might be dicisive of the action on its merits. This is probably true, but, on the determination of the ultimate question of the rights of the parties in and to this waterworks property, there are a number of constituent questions, whose solution may depend, to some extent, upon evidence that may be offered upon the trial. While we may finally so conclude, we are not now entirely clear that respondent's rights in this waterworks property depend solely upon the construction of the two express provisions of the city charter referred to on the argument as defining the powers of the city. Certain kinds of property held by a city, it has power to sell; other kinds, it has not. The property involved in this dispute is described in the pleadings as a system of waterworks, constructed by the city of

Huron, consisting of land, buildings, wells, reservoirs, pumps, hydrants, etc, used for supplying the city and its inhabitants with water.    Are these facts alone all a court needs, or all the parties are entitled to, for the conclusive determination of the character of this property, as alienable or nonalienable by the city?    Perhaps so.    We only suggest the question.    If the trial court is entitled to receive evidence as to the character, object, and use of the property, for the purpose of enabling it to determine whether the city could lawfully sell it or not, we ought not to forstall or prevent such inquiry by holding, upon this preliminary appeal, that the city had or had not authority to sell it.    Besides, there are a number of questions which, without much deliberation, occur to us, as bearing upon the rights of the parties to this contest, which have not yet been suggested by either side, and which will probably be called out on an examination of the merits.    Upon reflection we might conclude that these questions are not very pertinent to the case but we feel very sure that if we had decided the title to this valuable property on this preliminary appeal the defeated party would have at once applied for a rehearing for the purpose of more fully presenting the case upon the merits, and would probably have complained that the main question was prematurely decided.    The distinct question presented by the appeal is, did the trial court do right in granting the temporary injunction, holding the property in *statu quo* during the litigation?    We thought it fairer to the court and to the parties to decide the particular question presented by the appeal, leaving the general question of title to be determined upon a trial where the merits will be more fully presented, evidence introduced, if desired, and the discussion more general and satisfactory, because more immediately responsive to the particular questions presented.    Petition for rehearing is denied.